## MITCHELL vs. THORP and others.

A *recognizance in error* is valid and may be enforced, although it produces no stay of execution ; as where a recognizance to prosecute a writ of error was entered into after *four days* had expired, to wit, on the *sixth* day after judgment, and on the same day the defendant in the judgment below was arrested on a *ca. sa.*, it was held that notwithstanding the arrest, the recognizance might be enforced.

The imprisonment of the defendant in such case is no discharge of the surety, especially where the judgment on the writ of error is for a greater sum than was recovered in the court below.

DEMURRER to pleas. The declaration is in debt on a recognizance entered into on the suing out of a writ of error to remove into this court a judgment in favor of the plaintiff against one Thorne, rendered in the New-York common pleas, for $83,43. The recognizance was acknowledged on 2d July, 1823. The judgment was affirmed in this court, and $309,13 were adjudged to the plaintiff for damages, &c. for delay of execution. The defendants pleaded that the judgment in the common pleas was entered up and docketed on 26th June, 1823 ; that *previous* to the acknowledgment of the recognizance, to wit, on the 2d July, 1823, the plaintiff sued out a *capias ad satisfaciendum* on the judgment against Thorne, upon which he was arrested *after* the defendants had entered into the recognizance for the prosecution of the writ of error, and was detained in custody until the time of and after the commencement of this suit, wherefore they prayed judgment if, &c. There was a second plea, setting forth the judgment in the common pleas, the issuing of the *ca. sa.*, the arrest of the defendant on 2d July, 1823, and his detention on the same until the time of the commencement of this suit and after. To these pleas the plaintiff demurred.

*W. Mulock,* for plaintiff.

*D. Selden,* for defendant.

*By the Court,* SAVAGE, Ch. J. It is argued for the defendants that as the only object of the recognizance was to obtain a delay of execution, and as that object was not at-

tained, the recognizance is not operative. But it has been decided in *Johnson* v. *Lasene*, 2 *Ld. Raym.* 1459, that bail in error are bound by their recognizance, though the plaintiff in error had no occasion to put in bail. That was the case of a recognizance entered into on behalf of executors, who by the statute were under no necessity to give bail to stay execution, and therefore it was contended the recognizance was void ; but the court held it good, saying, if a man will voluntarily enter into such a recognizance, it is good at common law. In this case the execution could not be stayed without the recognizance ; and as the recognizance was not entered into in season for that purpose, it had not that effect. The recognizance, however, is valid.

It was supposed by the counsel for the plaintiff that the execution might have been superseded. The recognizance could not, I apprehend, prevent execution, unless it had been entered into *within four days* after judgment. Had the plaintiff issued his execution within four days after judgment was completed, it might have been superseded by bail being put in within the four days, though after exection issued ; but in this case more than four days had elapsed before execution was issued, and the recognizance being entered into after execution issued, could not lay the foundation for a supersedeas ; and being a valid obligation at common law, may be enforced. So a bond with a similar condition would be valid.

The plea states that on the day when the recognizance was entered into, the plaintiff issued a *ca. sa.* against Thorne, upon which he was arrested and imprisoned, and continued so to be imprisoned when this suit was commenced. The imprisonment of the person is, while it continues, a satisfaction of the debt ; it is in contemplation of law a payment. While the debtor is kept in prison, no execution can be taken against his property ; nor can the creditor take any other step to compel payment from his imprisoned debtor. He could not, therefore, prosecute upon the recognizance of bail in an ordinary case ; but this is a case of surety, not bail. The engagement in the recognizance was in the alternative that Thorne should prosecute his writ of error with effect, and in case of his failing to do so, then to pay the

debt with damages and costs. Thorne has failed to prose-
cute with effect, for the judgment below is affirmed. The
defendants having failed in one alternative of the contract,
the other should be enforced against them. This is a very
different undertaking from that of special bail; it is no part
of this contract that the bail shall be discharged by surren-
dering his principal. The imprisonment of the principal, at
all events, could only operate as payment of the judgment in
the court below, but not of the judgment in this court, which
has been enhanced by costs.

I am of opinion that the plaintiff is entitled to judgment
upon the demurrer.