9 N.J. Super. 7 (1950)
74 A.2d 341
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY ADAMO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1950.
Decided June 30, 1950.
*8 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Samuel L. Rothbard argued the cause for appellant (Messrs. Rothbard, Harris & Oxfeld, attorneys).
Mr. Wallace S. DePuy argued the cause for respondent (Mr. Walter G. Winne, Prosecutor of the Pleas).
The opinion of the court was delivered by COLIE, J.A.D.
Anthony Adamo was indicted, tried and convicted for assaults upon Anton Ricca and Paul Bowman. The circumstances so far as necessary to a decision show the following situation.
The Continental Paper Company owned property in Ridgefield Park, New Jersey, upon which there was in addition to *9 its plant, the plant of Alford Cartons Company. On July 5, 1949, the employees of Continental went out on strike. They were members of the C.I.O. union and defendant, Adamo, was their strike leader. The employees at the Alford plant were members of the A.F.L. Union. On July 28, 1949, the workers at Alford did not report and some supervisory employees undertook to load three empty box cars by means of a roller conveyor extending from the loading platform into the car to be loaded. In the middle of the morning Adamo came to the car in which Ricca and Bowman were working and according to his version reproved them for "hindering our strike by coming and doing the work of the hourly employees who promised and voted to support our strike. Here you are doing their work. I don't think it's fair and I don't think it's right." There is a sharp dispute as to what Adamo said. The witnesses Williams, Bowman and Ricca testified to the use of vile, profane and threatening language by Adamo. About 11:45 A.M. the witness Beakes, who had been posted as a lookout, saw a group of strikers approaching, Another witness observed some 40 or 50 strikers approaching, some carrying sticks, "others with clenched fists, holding them this fashion as though they had stones in them." Several witnesses identified Adamo as in the group but none actually saw him throwing stones. The supervisors retreated into the building, stones were heard striking the box car and building. The witness Ricca testified that "stones began bouncing off the building and in through the glass windows of these overhead doors, and rocks came crashing into the building and at that time I decided I better get upstairs with the rest of them."
Defendant seeks a reversal upon the ground of error by the trial court in refusing to enter a judgment of acquittal at the end of the entire case. An assault has been defined as "an attempt or offer with unlawful force or violence to do a corporal hurt or physical injury to another." State v. Staw, 97 N.J.L. 349 (E. & A. 1921). Under the evidence at the time of the court's denial of a judgment of acquittal the jury *10 could reasonably find that the advancing strikers threw the stones when approximately 30 feet from the building in which Ricca and Bowman sought refuge, that stones crashed through the glass of the door and into the same room where Ricca then was present. This latter fact is demonstrative of the presence of apparent ability to inflict harm. It is also a reasonable inference that there was an attempt to do physical injury to anyone in the building into which the stones were hurled. Under the facts as summarized above, there was no error in refusing to enter a judgment of acquittal. As to the argument advanced by appellant that the verdict was against the weight of the evidence, there is no vestige of merit. Appellant relied upon an alibi. We point out that there was evidence placing Adamo at the scene of the assault at the time when he testified that he was elsewhere, thus raising a question for the jury.
Appellant asserts error in refusing to charge the 13th, 15th and 17th requests submitted to the trial court. They were correctly refused since each sought to put upon the State the burden of proving that the complaining witnesses were put in apprehension of bodily injury. Under the facts of this case, apprehension upon the part of a complaining witness is not an essential element of simple assault. The 16th request sought to require proof beyond a reasonable doubt that the complaining witness believed that Adamo intended to inflict an immediate harmful and offensive contact upon him. This request was properly refused for the reason that the throwing of stones, under the circumstances here present, was an unlawful act and where the act is unlawful, it is unnecessary to show an unlawful intent, it being embraced in the wrongful act. It may be inferred by the jury from the act and will be presumed when the act itself is unlawful. 4 Am. Jur., Assault and Battery, § 6, p. 129.
The judgments are affirmed.