24 N.J. Super. 332 (1952)
94 A.2d 499
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PETER JOHN CONGRO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 1, 1952.
Decided December 15, 1952.
Dissenting Opinion January 19, 1953.
*333 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Peter John Congro, appellant, pro se.
Mr. Donald G. Collester, Passaic County Prosecutor, for the respondent.
The opinion of the court was delivered PER CURIAM.
The defendant is confined in the New Jersey State Prison and prosecutes this appeal pro se.
The record before us discloses that he was apprehended on September 4, 1951, in consequence of two criminal complaints upon which he was held for the action of the grand jury by the magistrate's court of the City of Passaic. Having waived indictment and trial by jury, two accusations were presented to the Passaic County Court charging him with the commission on September 4, 1951, in the City of Passaic, of an atrocious assault and battery and of malicious mischief. He entered a plea of not guilty. Counsel was assigned to defend him. The trial was conducted on September 21, 1951, before a judge of the Passaic County Court, and the defendant was found guilty of the commission of both offenses. He was sentenced on October 11, 1951.
On March 1, 1952, he filed a notice of appeal which, following a recital of his conviction and sentence of imprisonment, states: "do hereby give notice of appeal to be taken to the Appellate Division of the Honorable Superior Court of *334 New Jersey. Appeal is from the denial of the Honorable Judge Alexander MacLeod on February 29, 1952, whereby he denied relief of Appellant's motion for a new trial."
The record does not reveal that any motion for a new trial was ever made and the county prosecutor assures us that he never had any notice or knowledge of such an application. At most it can only be conjectured that there may have been, as occasionally occurs in similar situations, some correspondence between the prisoner and the judge concerning the subject of a reconsideration of the conviction. But see In re Kershner, 9 N.J. 471 (1952). Moreover it is not evident that the motion for a new trial was timely. Vide, Rule 2:7-11.
However, in the circumstances we have given the notice of appeal a liberal construction and we have reviewed the entire record.
In response to the defendant's stated reasons for appellate relief we need only indicate that obviously the defendant waived a trial by jury, was represented by counsel at the trial and voluntarily entrusted the determination of the evidential facts and their legitimately derivative inferences to the trial judge. There was some evidence to be found in the testimony of the witness Howard Mitchell that the defendant utilized some "unknown instrument." "It looked like he had something in his hand." Additionally, the characteristics of the scars alongside of the left eye of the witness were exhibited to the judge.
The defendant's defensive explanation was that he had no recollection of having committed the acts alleged in the accusations. The limitation of the scope and expansion of testimony is a matter within the discretionary province of the trial judge. Bradley v. D.E. Cleary Co., 86 N.J.L. 338, 341 (E. & A. 1914); Testa v. Metropolitan Life Ins. Co., 136 N.J.L. 9, 12 (Sup. Ct. 1947). We fail to discover in the record any mistaken exercise of that judicial authority.
Failing to perceive any error in the transcript of the proceedings which prejudicially affected the substantial *335 rights of the defendant, the judgments of guilty rendered on both accusations are affirmed.
BIGELOW, J.A.D. (dissenting).
One of the indictments charged Congro with an atrocious assault and battery committed upon Howard Mitchell, contrary to R.S. 2:110-1. The learned trial judge, sitting without a jury, found the defendant guilty as charged and sentenced him to imprisonment for not less than five nor more than seven years. My colleagues have determined that the judgment should be affirmed. I dissent. Accepting as true the evidence presented by the State, it seems to me clear that the defendant was not guilty of an atrocious assault and battery, but only of a simple assault and battery, and that of a minor character, for which imprisonment for a month or so would be adequate punishment.
The fracas occurred early in the morning, in front of Congro's house. He and one Edward Mitchell were fighting. Edward had Congro by the head "so he couldn't hit me any more." At that moment, Edward's brother Howard  the man named in the indictment  arrived on the scene. He saw Edward and Congro and "started to pry them apart." Congro "yanked and got away" from Edward and punched Howard in the face. Howard testified that "It looked like he had something in his hand. * * * I wouldn't swear what it was because it was dark." On cross-examination he said that he "wouldn't swear for sure" that he had anything in his hand. Edward, in his testimony, did not mention anything in the nature of a weapon. Edward's wife, who was a bystander, testified that she did not see anything in Congro's hand. She did say that "He was kind of drunk" but "He wasn't so drunk that he couldn't stand on his feet." The skin beside Howard's left eye was broken by the blow and blood ran down his face. The scars were still visible at the trial two weeks after the assault. But it does not appear that Howard needed or received any medical care or was *336 incapacitated from following his usual occupations even for a few minutes.
The crime of which Congro was convicted is described by the statute as "an atrocious assault and battery by maiming or wounding another." Atrocious means "savagely brutal; outrageously cruel or wicked." In State v. Capawanna, 118 N.J.L. 429 (Sup. Ct. 1937), affirmed 119 N.J.L. 337 (E. & A. 1938), an atrocious assault and battery was defined as "an assault and battery, savage and cruel in character, which results in a maiming or wounding." Mayhem is the most severe personal injury that may be inflicted on a person short of homicide. Since every maiming is also a wounding, the use of the former term in the statute adds nothing to the definition of the crime unless it be to lend color to the kind of wounding that the Legislature had in mind, namely, to indicate by an association of the two words that the wound must be serious and not a mere scratch. The fact that the offense is made a high misdemeanor also indicates that only a serious assault is within the condemnation of this section of the statute.
The assault and battery of which Congro was guilty was not an atrocious assault and battery within the meaning of R.S. 2: 110-1. In my opinion, the judgment should be modified so as to adjudge Congro guilty of simple assault and battery and to impose a punishment fitting the crime.