STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
ALBERT B. MARK, DEFENDANT-RESPONDENT.

Argued December 10, 1956—Decided January 14, 1957.

*Mr. H. Russell Morss, Jr.,* Union County Prosecutor, argued the cause for the State (*Mr. Richard P. Muscatello,* Assistant County Prosecutor, on the brief).

*Mr. Leslie S. Kohn* argued the cause for respondent (*Mr. Abraham L. Friedman,* on the brief).

The opinion of the court was delivered by

WACHENFELD, J.  The State appeals from a judgment of *autrefois convict* entered in the Union County Court in favor of the defendant.

On October 26, 1955 Albert B. Mark was arrested in the Borough of Roselle.  The complaint sworn out charged him with being a disorderly person in violation of *N. J. S.* 2A:170–1 in that "he did not give a good account of himself, while being in the Borough of Roselle, and while being in the aforesaid Borough was engaged in an illegal occupation and was in the Borough of Roselle for an unlawful purpose, thereby becoming a disorderly person."

On November 15, 1955, in the Roselle Municipal Court, the defendant pleaded guilty to the charge made.  Before imposing sentence, the magistrate was informed by police active in the prosecution of the case that Mark had been arrested for the possession of obscene material in his car.

The pornographic articles, moving pictures, books and playing cards, were physically present in the courtroom but had not been marked in evidence because the plea of guilty entered by the defendant avoided the necessity for a trial.

The magistrate, after considering the defendant's record of previous convictions, sentenced him to a fine of $1,000 and a year in jail. Subsequently, the jail term was suspended and the defendant put on probation for a year.

On December 6, 1955, the grand jury of Union County returned an indictment against Albert B. Mark charging him in three counts with the possession of obscene and indecent moving picture films, books and pamphlets, and packs of playing cards with "intent to utter and expose the same to the view of another * * * contrary to the provisions of *N. J. S.* 2*A*:115-2 * * *."

The defendant moved to quash the indictment upon the ground that he had already been convicted of the same offense in the Municipal Court of the Borough of Roselle and, under the doctrine of *autrefois convict,* would therefore be placed in double jeopardy. He offered in support of his motion the affidavits of himself and his former attorney attesting to the circumstances of the prior conviction.

This motion was denied and the defendant then sought leave to appeal to the Appellate Division. Such leave was refused upon the ground that it appeared the alleged infirmity in the indictment did not appear on its face but depended upon proof *aliunde,* and that no final judgment had been entered after trial. The appellate court was of the opinion that the matter should be finally disposed of before the questions sought to be raised could be entertained. The right to raise the same issues on appeal after final judgment was explicitly reserved.

On June 25, 1956 the indictment against the defendant was moved for trial. A jury was selected and sworn but immediately retired from the courtroom when the defendant moved for a judgment of acquittal upon the ground of *autrefois convict.* In support of his motion, the defendant produced the magistrate of the Borough of Roselle, the

chief of police and the deputy chief of police, all of whom testified to the events culminating in the plea of guilty in the municipal court. The State offered no evidence, contending the defendant's conviction in the inferior court was based upon mere possession of pornographic materials. It argued that the indictment charged a more serious and completely separate offense, possession with intent to utter or expose, and that therefore the plea was bad.

The trial judge granted the defendant's motion and entered an order of "dismissal." His determinations, expressed orally at the end of argument, revealed his conclusion to be that the defendant had been convicted of exactly the same offense in the municipal court as he was presently being charged with under the indictment. Since Mark had pleaded guilty to being in the municipality for an unlawful purpose and inasmuch as the mere possession of pornographic material is not illegal, the court reasoned he must have been convicted of the possession of obscene 'materials "with intent to utter and expose the same to the view of another," the identical crime condemned by *N. J. S.* 2*A*:115–2.

In a subsequently written opinion, Judge McGrath relied principally upon *State v. Labato,* 7 *N. J.* 137 (1951). He concluded that even though the defendant might have been convicted under the Disorderly Persons Act for simple possession of salacious material, such possession was an integral element of *N. J. S.* 2*A*:115–2 and, therefore, the principle of double jeopardy barred a subsequent prosecution.

The State promptly appealed the adverse order to the Appellate Division, where it encountered a motion to dismiss on the theory the decision below constituted a judgment of acquittal.

The Appellate Division held this question in abeyance until final argument on the appeal, but it allowed the defendant to return to the trial court for a clarification of the record.

Upon notice, application was made to Judge McGrath in the Union County Court to clarify, modify or amplify the record with reference to the language of the "Order Dis-

missing Indictment." After argument, Judge McGrath, on October 11, 1956, entered an amending order reciting, *inter alia,* that the court had inadvertently stated in the former order that the indictment "should be dismissed instead of giving judgment of acquittal on the evidence on defendant's motion."

The new edict strikes the phrase "ORDERED, that the indictment in this matter be and is hereby dismissed" from the original order, substituting in its place the following: "ORDERED, that the defendant's motion for judgment of acquittal on the evidence, on the plea of former conviction is sustained and granted, and that a judgment of acquittal is, and the same is hereby, entered in place of the order of July 3, 1956."

All these maneuvers had for their ulterior purpose the denial to the State of a right to appeal. Thus, the first question submitted is whether the State may appeal from the "judgment of acquittal" entered below. The authorities hold the State has a right to review upon the dismissal of an indictment, but under our current practice and rules there apparently is no such right where the defendant has been acquitted after a trial. *City of Newark v. Pulverman,* 12 *N. J.* 105 (1953); *State v. Weleck,* 10 *N. J.* 355 (1952); *State v. Sagarese,* 34 *N. J. Super.* 126 (*App. Div.*), petition for certification denied, 18 *N. J.* 439 (1955). *R. R.* 3:5–5(*b*)(7): "The State may appeal from an order of the trial court dismissing an indictment."

The former method of asserting the defense of double jeopardy was by a written plea of *autrefois acquit* or *convict.* It could not be raised under a plea of not guilty or a plea of *non vult. State v. Dragone,* 99 *N. J. L.* 144 (*E. & A.* 1923); *In re Hall,* 94 *N. J. Eq.* 108 (*Ch.* 1922); *State v. Ackerman,* 64 *N. J. L.* 99 (*Sup. Ct.* 1899). When not entered in writing, it was waived. *State v. Tumbiolo,* 28 *N. J. Super.* 231, 239 (*App. Div.* 1953), petition for certification denied 14 *N. J.* 495 (1954), *certiorari* denied 347 *U. S.* 948, 74 *S. Ct.* 647, 98 *L. Ed.* 1095 (1954); *State v. Dragone, supra; In re Hall, supra.*

■ The mandatory requisite of a written formal plea has, however, been eliminated by *R. R.* 3:5–5(*a*), which seemingly abolishes the former practice and creates much of the existing confusion. The present method of raising this issue is by motion to dismiss upon the stated ground. *State v. Greely,* 30 *N. J. Super.* 180 (*Cty. Ct.*), affirmed 31 *N. J. Super.* 542 (*App. Div.* 1954).

Much uncertainty with respect to the proper procedure is reflected in the report of the Supreme Court's Committee on Appeals by the State in Criminal Cases, dated March 1, 1955. It found as follows:

"(4) From an order sustaining the defense of double jeopardy.

The Committee is not certain whether such an order is now appealable. Where the defense is sustained prior to trial of the main issue, there has not in fact been jeopardy as to the merits of the charge, and hence no reason appears for a denial of a review by the State."

The practice both before and after the new rules implies a right in the State to take an appeal under the instant circumstances, and we doubt whether there was an intent to infringe upon such prerogative by the provision for simplified proceedings outlined in *R. R.* 3:5–5(*a*). Nor do we believe the wording of the final order is of sufficient importance to control the issue.

However, as in *State v. Pulverman, supra,* in view of our disposition of the main issue we find no occasion to express our views as to whether or not the State can constitutionally exert the questioned right of appeal, although the reports show it has exercised such right in several cases of record. Then, too, the State has not specifically met this issue. It was not argued or briefed, full reliance being placed on the designation of the judgment below as one of "dismissal." Therefore, we are not inclined to decide such an important inquiry against the State, even though it had the opportunity of presenting its views, until after the matter has been fully heard.

This takes us to the controlling question in the case: Whether there was error in dismissing the indictment on

the ground of double jeopardy. The State, unsuccessfully attempting to distinguish *State v. Labato, supra,* says:

"In the instant case &ast; &ast; &ast; the indictment is not for the same offense in that it contains a most significant element not found in the complaint in the municipal court, namely, *'intent to utter to the view of another.'* This added factor adds an entirely different and graver meaning as compared to the offense of bare possession alone."

It cites both *State v. Shoopman,* 11 *N. J.* 333 (1953), and *State v. McGrath,* 17 *N. J.* 41 (1954), and quotes the trial judge's comment:

"This man should never have been tried under the Disorderly Act at all. The case should have been sent to the prosecutor."

We are in accord with the trial judge's observations and think that effective orderly procedure dictates the necessity for a working agreement between the municipal authorities and the county prosecutor whereby the more serious crimes are tried in the court in which it was intended they should be disposed of, rather than in the municipal police court under charges of disorderly conduct. This, however, is a matter of sound judgment and comity between the governmental units in conflict. Their cooperation can and should bring about a much more effective and uniform administration of the criminal laws. If mutual accord cannot be reached and as a result unfavorable reflections and confusion fall upon the manner of enforcement of the criminal law, additional enactments regulating the course to be followed must of necessity be given further serious legislative consideration.

The dilemma encountered, however, does not change the present status of the law. The true test of former jeopardy was said in *State v. Labato, supra,* to be whether the evidence necessary to sustain the second indictment would have been sufficient to secure a conviction on the first. *State v. Di Giosia,* 3 *N. J.* 413 (1950). The court noted that although there was general agreement as to the essential quality of the principle itself, there was neverthe-

less almost endless conflict of decision on the question of identity of offense.

In *State v. Greely, supra,* the opinion quotes extensively from and follows closely the reasoning in *State v. Cooper,* 13 *N. J. L.* 361 *(Sup. Ct.* 1833), where the court said:

> " '* * * the defendant cannot be convicted and punished for two distinct felonies growing out of the same identical act, and where one is a necessary ingredient in the other, and the state has selected and prosecuted one to conviction, it appears to present a proper case to interpose the benign principle, that a man shall not be twice put in jeopardy for the same cause, in favor of the life of the defendant.' " (13 *N. J.,* at *page* 375)

It likewise embraces the principle enunciated in *State v. Mowser,* 92 *N. J. L.* 474 *(E. & A.* 1919), set forth in this language:

> "The principle to be extracted from well considered cases is, that by the term *same offense* is not only meant the *same offense* as an entity and designated as such by legal name, but also any integral part of such offense which may subject an offender to indictment and punishment. * * * When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offense will bar a prosecution for the greater." (92 *N. J. L.,* at *page* 483)

Many of these cases and others, including *State v. Hoag,* 21 *N. J.* 496 (1956), are discussed and analyzed in *State v. Leibowitz,* 22 *N. J.* 102 (1956), our latest pronouncement on this subject, where we refused to sustain a plea of *autrefois acquit* because the act charged in the indictment under consideration was not "an integral part nor a necessary ingredient" of the indictment already tried.

*State v. Shoopman, supra,* is cited by the State in support of its present position, but there the ruling was based upon the incongruous disparity between a crime involving a death and a mere violation of a traffic statute, not in reality a crime, plus the fact that the two charges did not factually constitute the same offense.

In the case *sub judice* the two charges against the defendant are identical in fact and law. The same offense

was cited against him in each "complaint" and the trial judge below was amply justified in concluding the charge in the indictment in the County Court was one and the same as the charge lodged against the defendant in the municipal court.

There is no merit to the State's theory that the defendant's "conviction was not that of possessing indecent and obscene material." The record speaks to the contrary. The "identity of the evidence" formula is applicable and the defendant must prevail.

Affirmed.

HEHER, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—7.

*For reversal*—None.