63 N.J. Super. 588 (1960)
165 A.2d 203
STATE OF NEW JERSEY, DEFENDANT-APPELLANT,
v.
LEWIS MATTHEW BOENING, PLAINTIFF-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1960.
Decided November 10, 1960.
*590 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Henry Gorelick, court-assigned counsel, argued the cause for appellant.
Mr. William J. Hughes, Assistant Prosecutor, argued the cause for respondent (Mr. George B. Francis, Cape May County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from an order denying his motion to vacate the sentence imposed for armed robbery under the third count of an indictment returned by the Cape May County grand jury in 1955.
The indictment charged that defendant, on July 2, 1955, (1) carried a concealed revolver, in violation of N.J.S. 2A:151-41(a); (2) committed atrocious assault and battery on one Waldow, by atrociously striking, beating, cutting, lacerating, wounding and maiming him with the revolver, contrary to N.J.S. 2A:90-1; and (3) committed armed *591 robbery by taking $15 from Waldow and $87 belonging to a hotel (where he was clerk), contrary to N.J.S. 2A:141-1 and 2A:151-5. When defendant appeared in County Court he was asked if he wanted counsel, but he refused any legal assistance. He admitted that he understood the offenses with which he was charged, and pleaded guilty. The plea was accepted, and the matter held for pre-sentence investigation.
At the time of sentence two months later defendant stated he would like to change his plea; he admitted carrying a concealed weapon but denied taking part in the armed robbery. His story was that he sat in an automobile outside the hotel while his companions went inside and committed the robbery. The court refused to allow a change of plea and proceeded to impose the following State Prison sentences: 12-13 months for carrying a concealed weapon, 5-7 years for atrocious assault and battery, and 12-15 years for armed robbery, the sentences to run concurrently. The trial judge said, however, that he would permit defendant to change his plea if upon investigation it should appear there was any scintilla of justification for withdrawal of the guilty plea. He assigned counsel to consult with the prisoner.
Defendant and his assigned counsel came before the County Court a week later. Counsel was invited to move, if he so desired, to withdraw the plea and go to trial. He declined to do so and stated that he had discussed the matter with defendant and it was the latter's desire to let the plea and sentences stand. Defendant concurred.
In August 1958, more than 2 1/2 years later, defendant moved to vacate the armed robbery sentence on the ground that it constituted double punishment for a single offense. The application was denied and this appeal followed.
Assigned counsel points out that the pleas and sentences were given in the same order in which the crimes charged appear in the indictment. From this basis he launches two arguments: (1) conviction for a crime which is a component *592 part of a greater offense bars prosecution for the greater offense, by operation of the doctrine of autrefois convict; (2) since atrocious assault and battery is a component part of the greater offense of armed robbery, prosecution for armed robbery following upon conviction of atrocious assault and battery placed defendant in double jeopardy.
The State raises the preliminary objection that the defense of double jeopardy was available to defendant at the time he entered his plea, and his failure to object at that time constituted a waiver, citing R.R. 3:5-5(b)(2).
Under our former practice, the defense of double jeopardy had to be asserted by a written plea of autrefois acquit or convict. State v. Mark, 23 N.J. 162, 166 (1957). When not entered in writing, it was waived. State v. Tumbiolo, 28 N.J. Super. 231, 239 (App. Div. 1953), certification denied 14 N.J. 495 (1954); certiorari denied 347 U.S. 948, 74 S.Ct. 647, 98 L.Ed. 1095 (1954). The requirement of a formal written plea has been eliminated and the practice of motion before trial substituted. R.R. 3:5-5(a); State v. Greely, 30 N.J. Super. 180, 195 (Cty. Ct. 1954), affirmed 31 N.J. Super. 542 (App. Div. 1954).
R.R. 3:5-5(b)(2) requires that defenses and objections based on defects in the institution of the prosecution or in the indictment or accusation, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion before trial. Failure so to present any such defense or objection constitutes a waiver thereof but "the court for cause shown may grant relief from the waiver."
It has been held that the defense of former jeopardy may be waived and that such waiver is binding and conclusive, In re Hall, 94 N.J. Eq. 108, 117 (Ch. 1922). But waiver requires the intentional relinquishment of a known right. West Jersey Title, etc. Co. v. Industrial Trust Co., 27 N.J. 144, 152 (1958). Defendant did not have the benefit of counsel (although counsel was offered and rejected) at the time he made his plea. It cannot be said that he knew of *593 his right to plead double jeopardy and that he knowingly waived that right. We will therefore apply the liberal provision of R.R. 3:5-5(b)(2) and consider that defendant has shown cause for granting relief from the alleged waiver.
It should nonetheless be pointed out that R.R. 3:7-13, which defendant invokes in seeking to vacate the armed robbery conviction, relates to the correction of an illegal sentence. This may be done at any time. The sentence here imposed was within the statutory limit. The rule does not extend to or give a defendant the right to attack the validity of a judgment of conviction on other grounds such as, for example, the present claim of double jeopardy. State v. Tumbiolo, above, 28 N.J. Super., at page 239. But overlooking the procedural objection to this appeal, the order below must be affirmed on the merits.
It is defendant's contention that New Jersey is firmly committed to the principle that if a minor offense is embraced within a higher crime as a constituent element or component part thereof, a conviction of the minor offense will bar a prosecution for the higher crime. Undoubtedly this is true, and the cases he cites so hold. State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833); State v. Mowser, 92 N.J.L. 474 (E. & A. 1919); State v. Labato, 7 N.J. 137 (1951); State v. Williams, 30 N.J. 105 (1959). From this he proceeds to argue that atrocious assault and battery is a component part of the greater offense of armed robbery, so that once having been convicted of the former, he could not be prosecuted for the latter because this placed him in jeopardy a second time.
Defendant relies upon the Labato case, above, which states the criteria for determining whether the plea of double jeopardy will bar further prosecution where a person is first convicted of the lesser offense:
"* * * The true test of former jeopardy would seem to be whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction on the first. * * *
*594 Where `the fact prosecuted' is the same in both prosecutions, though the offenses differ `in coloring and degree' there is prior jeopardy. * * * It is the evidence, not the theory of the pleader, that determines the issue. * * *" (7 N.J., at pages 144-145)
The "same evidence" test has been adopted by our courts in a number of cases since Labato. Application of that test shows defendant's contention to be without merit.
It is clear and apparently undisputed that the charges of atrocious assault and battery and armed robbery are distinct offenses, each separately defined by statute and case law and comprising elements not necessarily required by the other.
Robbery is defined by N.J.S. 2A:141-1 as the forcible taking of personal goods and chattels from the person of another, "by violence or putting him in fear." And to commit the crime of armed robbery, the additional element of being armed or having in one's possession a gun or other weapon must be present, N.J.S. 2A:151-5. To constitute the offense of atrocious assault and battery there must be a maiming or wounding of another. N.J.S. 2A:90-1. As was said in State v. Capawanna, 118 N.J.L. 429, 432 (Sup. Ct. 1937), affirmed per curiam 119 N.J.L. 337 (E. & A. 1938), "where the maiming or wounding is done by an assault and battery that is savagely brutal or outrageously or inhumanly cruel or violent, it amounts to an atrocious assault and battery within the intendment of our law." And see State v. Riley, 28 N.J. 188, 197 (1958), reversing in part 49 N.J. Super. 570 (App. Div. 1958).
In the present case we know nothing about the facts other than those stated in the indictment or as might have been revealed in the brief colloquy that took place on the day of sentence. Defendant would have us assume that the armed robbery "may" have been executed in such a way that the crime of atrocious assault and battery was also present. The possibility suggested is that defendant, while armed with a revolver, struck, wounded and maimed the hotel clerk and then and there took money from his person and custody. But for all we know, defendant may *595 have committed atrocious assault and battery upon the clerk, gone in search of the hotel money and, finding none in his haste, returned and threatened to kill the clerk unless he revealed where it was located. On the other hand, defendant and his colleagues may have immediately obtained the money on the clerk's person and in the hotel cash drawer by threatening him with a gun, and some moments later, when the clerk tried to stop them from leaving the premises, wounded and maimed him. In short, such evidence as would have been sufficient to sustain the armed robbery charge would not necessarily have sufficed to convict defendant of atrocious assault and battery. Consequently, under the Labato test, this is not a case of former jeopardy. Moreover, such evidence as would have been sufficient to sustain the atrocious assault and battery charge would not necessarily have sufficed to convict defendant of armed robbery.
But in addition to the "same evidence" test of Labato our courts have on occasion adopted another approach, known as the "same transaction" test, which "broadly suggests that the plea of double jeopardy should be sustained where the charged offenses are part of the same criminal transaction." State v. Roller, 29 N.J. 339, 345 (1959). See, for example, State v. Pennsylvania R.R. Co., 9 N.J. 194 (1952); State v. Cosgrove, 103 N.J.L. 412 (E. & A. 1927); State v. Mowser, 92 N.J.L. 474 (E. & A. 1919); State v. Fitzsimmons, 60 N.J. Super. 230 (Cty. Ct. 1960).
The separate counts for armed robbery and atrocious assault and battery do not, however, spell out an identity of criminal transaction. The same physical act or acts did not necessarily give rise to both; as indicated, a brutal assault may have been followed by the act of armed robbery some minutes later, or there may have been an armed robbery followed later by a maiming or wounding inflicted out of sheer viciousness or fear of apprehension. In either case, the "same transaction" test would not be satisfied.
Affirmed.