134 N.J. Super. 228 (1975)
339 A.2d 220
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLAY R. HUNDLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 1975.
Decided March 14, 1975.
*229 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Michael Suffness, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. George H. Henningsen, Deputy Attorney General, of counsel).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
Defendant and another were indicted in three counts charging atrocious assault and battery (N.J.S.A. 2A:90-1), robbery (N.J.S.A. 2A:141-1) and robbery while armed (N.J.S.A. 2A:141-1 and N.J.S.A. 2A:151-5). The charge of robbery while armed was dismissed and a jury convicted defendant of atrocious assault and battery and robbery. He was sentenced to two indeterminate terms at Yardville, suspended, with probation for three years and a $300 fine on both counts. The fine on the robbery conviction was suspended.
Defendant contends that the trial judge erred in denying his motion at the conclusion of the entire case for a judgment of acquittal. He claims that the State failed to prove, even by inference, that he intended to assault and rob the victim. We disagree.
Contrary to defendant's assertions, his intent could readily be inferred from his actions as established by the evidence. State v. Tassiello, 75 N.J. Super. 1, 6 (App. Div. 1962), aff'd 39 N.J. 282 (1963); State v. Adamo, 9 N.J. Super. 7, 10 (App. Div. 1950), certif. den. 5 N.J. 482 (1950). The testimony of the victim amply showed the intent of defendant to assault him and take his money. He testified that defendant took a hammer from a companion, threatened him with it, asked for and got some money from the victim and struck the victim's face with a hammer. After the blow the *230 victim handed over additional money to defendant. Denial of the motion for acquittal was proper.
It is suggested that the charges of atrocious assault and battery and armed robbery should be merged because defendant's actions in perpetrating those crimes constituted a single transaction. We find no basis for merger of these crimes either under the circumstances presented or under any other we can readily perceive. The correct test of merger has been stated to be:
* * * whether a particular act involved in a single transaction is a distinct criminal affair or an integral part of the principal offense charged. A prosecution for any part of a single crime bars any additional prosecution or sentence for the whole crime or any other constituent element of the whole crime. [State v. Hill, 44 N.J. Super. 110, 112 (App. Div. 1957), quoted with approval in State v. Jamison, 64 N.J. 363, 380 (1974)]
The offense of atrocious assault and battery (N.J.S.A. 2A:90-1) constitutes a distinct criminal affair and is not an integral part of the offense of armed robbery (N.J.S.A. 2A:141-1 and 2A:151-5). Unquestionably the crime of armed robbery can be committed without an atrocious assault and battery. Every armed robbery necessarily involves an assault and, on occasion, a battery, since the elements of the offense include the forcible taking of personal property from a victim by placing him in fear or by resorting to violence. However, the nature of the assaultive conduct or the violence required to satisfy the robbery statute need not be "savagely brutal or outrageously or inhumanly cruel or violent," as would necessarily be required to establish an atrocious assault and battery. State v. Edwards, 28 N.J. 292, 297 (1958). Stated in another way, the nature of the attack is of paramount importance in determining whether the crime of atrocious assault and battery has been committed, whereas in the case of robbery the nature of the assault is relevant only to establish whether the victim parted with his personalty out of fear or because of the physical act of his *231 assailant. As we stated in State v. Boening, 63 N.J. Super. 588 (App. Div. 1960):
The separate counts for armed robbery and atrocious assault and battery do not, however, spell out an identity of criminal transaction. The same physical act or acts did not necessarily give rise to both; as indicated, a brutal assault may have been followed by the act of armed robbery some minutes later, or there may have been an armed robbery followed later by a maiming or wounding inflicted out of sheer viciousness or fear of apprehension. [at 595]
Finally, we also find that merger of the crimes of atrocious assault and battery and armed robbery would seriously undermine the public policy considerations evidenced by the creation of these separate offenses by the Legislature. Clearly, the existence of an independent crime of atrocious assault and battery with its corresponding sanction of imprisonment serves to deter one who commits a robbery from harming his victim. Merger of the offense into the robbery offense could only serve to encourage injury to robbery victims, once it became known that punishment could not be enhanced.
Affirmed.