137 N.J. Super. 51 (1975)
347 A.2d 796
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RUSSELL TAMBURRO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1975.
Decided November 3, 1975.
*52 Before Judges LYNCH, ACKERMAN and LARNER.
Ms. Susan Fessler, designated counsel, argued for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*53 Mr. Michael A. Graham, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney).
PER CURIAM.
Defendant appeals from his conviction and sentence pursuant to his plea of guilty on January 3, 1974 to an indictment charging him with possessing methamphetamine on February 24, 1973, in violation of N.J.S.A. 24:21-20(a)(1). Prior to his plea to the indictment defendant had been found guilty of violating the Motor Vehicle Act (N.J.S.A. 39:4-49.1) by operating a vehicle on February 24, 1973 while in possession of drugs, specifically the same methamphetamine involved in the possession charge to which defendant pleaded guilty on January 3, 1974.
After filing his notice of appeal with this court defendant moved to remand the case for a hearing as to whether he should be allowed to withdraw his plea of guilty to the indictment. The motion was denied on June 26; 1974.
On appeal defendant first contends that his conviction pursuant to his guilty plea to the possession charge under N.J.S.A. 24:21-20(a)(1) violated the federal and state constitutional prohibitions against double jeopardy because he had already been convicted of possessing the same methamphetamine in a motor vehicle.
The defense of double jeopardy was first asserted on this appeal. Failure to raise the defense by motion before trial constituted a waiver thereof although the court may grant relief from the waiver for good cause. R. 3:10-2. See State v. Currie, 41 N.J. 531, 535 (1964). Here, of course, there was no "trial" but rather a plea of guilty. In effect, defendant seeks leave to withdraw his plea. A motion to withdraw a plea of guilty must be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice. R. 3:21-1. Again, defendant failed to make such motion.
We find neither "good cause" nor any "manifest injustice" which would warrant relaxing either of the cited *54 rules. The principles of double jeopardy are not offended where a defendant has been previously convicted of violations of the Motor Vehicle Act and later is indicted for violation of the criminal law even though both charges arise our of the same fact situation. State v. Currie, supra; State v. Shoopman, 11 N.J. 333 (1953). See State v. Redinger, 64 N.J. 41 (1973).
Defendant also contends that indicting him for possession of methamphetamine following his conviction under the Motor Vehicle Act violated the "compulsory joinder" concept endorsed by State v. Gregory, 66 N.J. 510 (1975). We disagree.
Gregory was grounded on the fundamental unfairness implicit in the State's obtaining a conviction of a defendant for sale of a small package of heroin and then, following this conviction, indicting him for possession of a larger amount of heroin which he had in his possession at the same time. This was particularly unjust since the State was aware of the possession of the larger quantity on the date of the indictment for the sale.
In Gregory the court, applying the standard of a defendant's "reasonable expectations" which had been suggested in Currie, said:
When the defendant was originally indicted both he and the State were fully aware that on December 27 there had been a sale by the defendant of the small quantity of heroin and possession by him of the larger quantity. When he was arrested on December 27 and was thereafter brought to trial on October 30 his reasonable expectations were that there would be no further prosecution on the basis of his possession and sale on December 27. Fairness dictated that if the State contemplated any additional prosecution based on the December 27 possession and sale it would join it with the original prosecution rather than withhold mention of it until after completion of the trial. Such withholding and later prosecution smacks of harassment and oppression and should be barred. [66 N.J. at 518].
We find no similar unfairness in the context of this case.
In applying the "compulsory joinder" rule, the court in State v. Gregory followed the suggestion of § 1.07(2) of the *55 American Law Institute's Model Penal Code. This section provides that a defendant shall not be subject to separate trials if the offenses are known to the appropriate law enforcement officials at the time of the commencement of the first trial and if the offenses are within the jurisdiction of a single court. Here the violation of the Motor Vehicle Act and the later indictment for possession were not "within the jurisdiction and venue of a single court." See the proposed New Jersey Penal Code § 2C:1-7(b). The former offense was within the jurisdiction both of the municipal court (pursuant to N.J.S.A. 2A:8-21(a)) and of the county district court (pursuant to N.J.S.A. 2A:6-37), and was tried in the county district court. The indictable possession offense was within the jurisdiction of the Superior Court. N.J. Const. (1947), Art. VI, § III, ¶ 2; R. 3:6-8(a); R. 3:7-1. See State v. Saulnier 63, N.J. 199, 207 (1973), to the effect that an indictment is to be dealt with, "at least for jurisdictional purposes," as a Superior Court proceeding. Since the Motor Vehicle Act violation and the crime of possession of methamphetamine were not within the "jurisdiction and venue of a single court," the "compulsory joinder" concept of State v. Gregory is not applicable here.
Defendant also contends that the failure of his attorney to raise the defense of double jeopardy means that he was deprived of adequate assistance of counsel. As we have decided that double jeopardy was not a valid defense in this case, failure to advise defendant that it was available can hardly be said to demonstrate that counsel was inadequate. The same can be said with respect to the "compulsory joinder" issue. Moreover, State v. Gregory did not make the compulsory joinder concept law until after the plea had been entered.
Lastly, defendant contends that his sentence to the Bergen County jail for a term of 180 days was excessive. Considering defendant's long involvement with drugs and the fact that he was found guilty of possessing methamphetamine, *56 a very dangerous drug, we find no abuse of discretion in the sentence imposed.
The conviction and sentence are affirmed.