157 N.J. Super. 469 (1978)
385 A.2d 236
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILIP VAN LANDUYT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1978.
Decided March 31, 1978.
*470 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Salim J. Balady, Assistant Deputy Public Defender, argued the cause on behalf of appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. John A. Snowden, Jr., Assistant Deputy Public Defender, on the brief).
*471 Mr. Gary H. Schlyen, Assistant Prosecutor, argued the cause on behalf of respondent (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by MICHELS, J.A.D.
Pursuant to leave of this court, defendant Philip Van Landuyt appeals from an order of the Law Division denying his motion to dismiss an indictment charging him with larceny of a motor vehicle and its contents on the ground that prosecution thereunder would violate the constitutional prohibition against double jeopardy.
On November 24, 1976 defendant was arrested by the Passaic County Park Police while in the possession of a motor vehicle owned by another. He was charged with receiving a stolen motor vehicle, in violation of N.J.S.A. 2A:139-3. The owner of the motor vehicle also charged defendant in a complaint filed in the Wayne Township Municipal Court with operating the motor vehicle without his permission, in violation of N.J.S.A. 39:4-48, which provides:
No person shall operate or use any motor vehicle without the permission of the owner. Any person violating this section shall be fined not less than one hundred dollars.
On January 3, 1977 defendant pleaded guilty to the motor vehicle violation in the municipal court and was fined $100 plus costs. Thereafter on May 2, 1977 the Passaic County grand jury returned a "no bill" on the charge against defendant for receiving stolen property but a true bill on the charge of theft of the motor vehicle and its contents, in violation of N.J.S.A. 2A:119-2, which, in pertinent part, provides:
Any person who:
a. Steals any money, goods, chattels or other personal property of another;

* * * * * * * *
*472 Is guilty of a misdemeanor, if the price or value of such property is in excess of $200.00 and under $500.00, and if the price or value thereof be $500.00 or over such person is guilty of a high misdemeanor.
Defendant pleaded not guilty and immediately moved to dismiss the indictment, asserting the bar of double jeopardy by virtue of his prior guilty plea and fine for the motor vehicle violation. Judge Joelson in the Law Division, relying on State v. Tamburro, 137 N.J. Super. 51 (App. Div. 1975), held that the criminal charge was not barred by double jeopardy and denied the motion. We agree and affirm.
The Double Jeopardy Clause of the Fifth Amendment, enforceable against the states through the Fourteenth Amendment of the United States Constitution, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amend. V; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Gregory, 66 N.J. 510, 513-514 (1975). The New Jersey Constitution in narrower language contains a similar prohibition. N.J. Const. (1947), Art. I, par. 11. See also, State v. Currie, 41 N.J. 531, 535-536 (1964); State v. Williams, 30 N.J. 105, 122 (1959); State v. Labato, 7 N.J. 137, 143 (1951). The guarantee against double jeopardy "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. at 717, 89 S.Ct. at 2076. The protection afforded by the prohibition against double jeopardy, however, is limited to criminal and quasi-criminal prosecutions. See State v. Labato, supra, 7 N.J. at 144; State v. Hatterer, 75 N.J. Super. 400, 403 (App. Div. 1962); State v. Francis, 67 N.J. Super. 377, 381 (App. Div. 1961). See also, Atkinson v. Parsekian, 37 N.J. 143, *473 154 (1962); Dept. of Conserv. and Ec. Develop. v. Scipio, 88 N.J. Super. 315, 320-321 (App. Div.), certif. den. 45 N.J. 598 (1965).
While there is general agreement as to the essential quality of the guarantee itself, there is almost endless conflict on the question of identity of offenses. State v. Labato, supra, 7 N.J. at 144. See also, State v. Mark, 23 N.J. 162, 168-169 (1957). This may be due, in part, to the fact that there is no "single legal test to operate absolutely and inflexibly throughout the field of double jeopardy." See Currie, supra, 41 N.J. at 539. Thus, our Supreme Court in State v. Currie emphasized that
In applying the prohibition against double jeopardy, the emphasis should be on underlying policies rather than technisms. The primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. [At 539]
See also, State v. Redinger, 64 N.J. 41, 46-50 (1973).
Applying the rationale of the Currie case here, we are entirely satisfied that the trial judge correctly held that defendant's conviction for operating a motor vehicle without the permission of the owner in violation of N.J.S.A. 39:4-48 of our Motor Vehicle Act did not preclude a subsequent criminal prosecution for larceny in violation of our Crimes Act, N.J.S.A. 2A:119-2(a). This result is entirely fair and consistent with defendant's reasonable expectations when he pleaded guilty to the motor vehicle violation which carried only a fine and not imprisonment. Defendant could not expect his municipal court conviction to immunize him from prosecution for the more serious crime of larceny which carries a maximum penalty of a $2,000 fine and/or seven years imprisonment. N.J.S.A. 2A: 85-6. In this regard, the following language from the Supreme Court's opinion in Currie at 543, is most appropriate:
Motor Vehicle Act violations are generally tried quickly and informally before local police magistrates who are in some instances *474 not even attorneys at law. The evidential presentation may be very limited and the legal representation may likewise be very limited or entirely absent. The maximum fines and terms of imprisonment are minor in comparison to those fixed for violation of our Crimes Act and indeed they are even much lower than those which may be imposed for violation of our Disorderly Persons Act. The defendant, if found guilty, may for the most part anticipate the imposition of a moderate fine. In the light of these circumstances, the refusal to permit the proceeding before the magistrate to bar subsequent criminal prosecution for the death or the serious injury caused by the defendant is readily comprehensible. The elements of oppression or harassment historically aimed at by the constitutional and common law prohibition are not significantly involved; and permitting the second prosecution would not violate the reasonable expectations attendant upon the first proceeding while barring it would operate with gross unfairness to the State. [41 N.J. at 543]
While we recognize that there are cases which have held that later prosecutions were precluded by previous municipal court convictions (see, for example, State v. Labato, supra; State v. Mark, supra; State v. Dixon, 40 N.J. 180 (1963)), these cases were "never intended to convey the thought that every magistrate's determination, no matter how minor the offense charged before him, will necessarily preclude a subsequent criminal prosecution based in whole or in part on the same activity, no matter how aggravated the crime charged." Currie, 41 N.J. at 541.
Thus, in State v. Tamburro we similarly concluded that "[t]he principles of double jeopardy are not offended where a defendant has been previously convicted of violations of the Motor Vehicle Act and later is indicted for violation of the criminal law even though both charges arise out of the same fact situation." 137 N.J. Super. at 54. See also, State v. Shoopman, 11 N.J. 333 (1953); State v. Albertalli, 112 A. 724 (N.J. Sup. Ct. 1915).
The recent United States Supreme Court decision Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), does not compel a different conclusion. Unlike the case before us, the Ohio "joy-riding" statute, to which defendant Brown pleaded guilty and was sentenced to 30 days *475 in jail and a $100 fine, was part of the Ohio criminal statutes, Ohio Rev. Code, § 4549.04 (D),[1] and a violation thereof was punishable as a misdemeanor. See at 162, n. 1, and 163, 97 S.Ct. at 2223, n. 1, and 2224, 53 L.Ed.2d at 192, n. 1, and 193. Since the crime of operating a motor vehicle without the consent of the owner was held to be a lesser included offense of the greater crime of automobile theft, the court held that defendant Brown's subsequent prosecution for auto theft was barred by the Double Jeopardy Clause.
However, unlike Ohio, our statute prohibiting the operation of a motor vehicle without the permission of the owner is neither a violation of our Crimes Act nor of our Disorderly Persons Act. The offense to which defendant pleaded guilty was simply a traffic violation only subjecting him to a fine. Consequently, we are convinced that the constitutional guarantee against double jeopardy was never intended to operate as a bar to a subsequent prosecution for the more serious criminal offense of larceny following a traffic violation of this nature. Brown v. Ohio does not suggest a contrary thesis.
Additionally, we find no merit in defendant's claim that prosecution for larceny following his conviction in the municipal court for operating a motor vehicle without the owner's permission constituted an improper fractionalization of a single offense, thereby violating the compulsory joinder concept of State v. Gregory, supra. The Gregory compulsory joinder bar applies if the offenses were known to the appropriate law enforcement officials at the commencement of the first trial and they were within the jurisdiction of a single court. The Motor Vehicle Act violation and the larceny violation were not within the jurisdiction *476 of a single court. The former offense was within the jurisdiction of the municipal court, N.J.S.A. 2A:8-21(a), and the county district court, N.J.S.A. 2A:6-37. The indictable offense was within the jurisdiction of the Superior Court. N.J. Const. (1947), Art. VI, § III, par. 2; R. 3:6-8(a); R. 3:7-1. See State v. Tamburro, supra, 137 N.J. Super. at 54-55.
Accordingly, the order of the Law Division denying defendant's motion to dismiss the indictment charging him with larceny of a motor vehicle and its contents is affirmed.
NOTES
[1] Defendant was not convicted under our so-called "joy-riding" statute which constitutes a disorderly persons offense, N.J.S.A. 2A:170-38, a violation of which subjects the person adjudicated a disorderly person to punishment by imprisonment for not more than six months and/or a fine of not more than $500. N.J.S.A. 2A:169-4.