112   251
115   313

PEOPLE v. FREY.

1. CRIMINAL LAW—THREATS—SUFFICIENCY OF INFORMATION.
    An information alleging, in the language of the statute
    (2 How. Stat. § 9093), that respondent maliciously threatened
    to "accuse" a designated person of a specified crime, with in-
    tent to extort money, sufficiently shows a threat to prefer
    charges against such person in some court.

2. SAME—PROOF OF GOOD CHARACTER.
    A witness who has testified to the good character of the re-
    spondent may be asked on cross-examination if he has not
    heard that respondent had attempted suicide.

3. APPEAL—NEW TRIAL—ASSIGNMENTS OF ERROR.
    Whether assignments of error based upon the denial of a
    motion for a new trial are available to test questions raised
    at the trial,—*quære*.

Exceptions before judgment from Calhoun; Smith, J.
Submitted February 4, 1897.   Decided March 29, 1897.

Orin J. Frey was convicted of threatening to accuse
another of crime, with intent to extort money.   Affirmed.

*Hulbert & Mechem,* for appellant.

*A. W. Lockton,* Prosecuting Attorney (*O. Scott Clark,*
of counsel), for the people.

HOOKER, J.   The respondent was convicted of the
offense of maliciously threatening to accuse another of
crime, with intent to extort money.

It is first urged by counsel for the appellant that the
information and the proof "fell short of charging or
proving a threat to prefer charges in some court, or
set in motion the criminal machinery of the State." The
language used in the information was, "did verbally,
unlawfully, and maliciously threaten to accuse," etc., "of

a crime, to wit, the crime of sodomy and bestiality," etc. This follows the language of the statute, and, under many decisions, that is all that was necessary. There are many authorities that hold that the term "accuse" means, in the law, "to charge with an offense judicially, or by a public process." This is Webster's definition, and that given in the text of the American & English Encyclopedia of Law (2d Ed., Vol. 1, p. 481). If this is the correct legal definition of the term, it must be given that meaning in the statute. See 1 How. Stat. § 2. Indeed, counsel for the defendant must so contend in order to sustain their point "that proof of a threat to accuse judicially is necessary to establish the offense." If they are correct in this, it must be for the reason that the word has this legal meaning, and it would seem to us that the word might be given the same meaning in the information as in the statute. So, although defendant's counsel may be right about this, the judge was justified in allowing the case to go to the jury, as there was testimony tending to show a threat to prosecute the complainant for the crime.

Complaint is made that the court permitted the jury to find a verdict upon a mere threat to accuse publicly, but we think not. That does not appear to have been a mooted question. There are no requests to charge shown upon the subject, and, in fact, the court told the jury that it was for them "to say whether he was threatened with the *criminal action,* or not, of sodomy or bestiality." The court's attention was not called to any omission by an exception.

We think the instructions upon the doctrine of "reasonable doubt" sufficiently plain, and the definition of the threatened crime sufficiently accurate for the purposes of the case, and we are not disposed to interfere with the reasonable exercise of judicial discretion in discussing the duties and dangers of the jury room. We must take the charge as certified to be accurate, and we are not disposed to extend the effect of good character, as a defense,

by denying to the prosecution a liberal cross-examination. What effect, upon jurors' opinion of character, evidence that the person whose character was under consideration had attempted suicide, would have, would doubtless depend upon circumstances; but we think it was proper to show upon cross-examination that the witnesses had heard it, as bearing upon the value of their testimony.

A new trial was asked upon several grounds, the same being set up as allegations of error in the motion. This was denied, when specific exceptions and assignments of error upon the various grounds were taken to the denial of a new trial. Strictly speaking, these raise no questions upon the proceedings at the trial, except by indirection. A large discretion is confided to the circuit judge in motions for new trial, and the extent to which assignments of this character are available to test questions raised at the trial may be a matter of doubt. But, as these assignments have been treated as sufficient, we are not disposed to question them, further than to call attention to a doubtful practice.

We are of the opinion that the trial was free from error, and the conviction is therefore affirmed.

The other Justices concurred.