DAVIS MILLER v. STATE.

No. 143.  Opinion Filed March 22, 1910.

(107 Pac. 948.)

1. HOMICIDE—Murder—Instructions. The homicide in this case having been committed prior to statehood in that portion of the state formerly Indian Territory, the defendant was entitled to an instruction defining manslaughter as defined by the United States statute, and it was error to omit the word "willfully" from the definition of manslaughter; the defense being lack of criminal intent.

(Syllabus by the Court.)

*Error from District Court, Pushmataha County; Malcolm E. Rosser, Judge.*

The plaintiff in error, Davis Miller, was tried in the district court of Pushmataha county on February 8, 1908, on a charge of

murder.  He was convicted of manslaughter and sentenced to imprisonment for ten years.  Reversed and remanded for new trial.

*C. E. Dudley* and *Wm. M. Cravens,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE.  This is a companion case with that of *Nelson v. State; ante,* p. 468 (106 Pac. 647).  The homicide was the result of wounds inflicted on Sam Wright in a fight in which this defendant and Will Nelson engaged.  Many of the objections urged here are identical with and were disposed of in the Nelson Case.  In addition to the questions in that case, it is urged here that the court erred in giving the following instruction defining manslaughter:

"Manslaughter is the unlawfully killing of a human being without malice either express or implied, and without deliberation."

This is the definition as found in Mansfield's Digest of the Statutes of Arkansas, and the trial court evidently intended to give that statutory definition.  The homicide of which this defendant was on trial was committed prior to statehood in that part of the state formerly Indian Territory.  At the time of the commission of the offense, the United States statute, as to murder and manslaughter, was in force in the Indian Territory, and this case should have been tried under that statute.  The United States statute (section 5341, U. S. Comp. St. 1901) defines manslaughter as follows:

"Every person who unlawfully and wilfully, but without malice, strikes, stabs, wounds, or shoots, at, or otherwise injures another, of which striking, stabbing, wounding, shooting, or other injury such other person dies, is guilty of the crime of manslaughter."

The defendant in this case was entitled to an instruction defining manslaughter as defined by this statute.  The instruction as given omits the word "wilfully."  The defense in this case was that the defendant was intoxicated at the time of the homicide, and too drunk to form a criminal intent.  This court in con-

struing a similar instruction in the case of *O'Barr v. State, ante,* p. 319, 105 Pac, 988, said:

"The word 'wilfully,' in the sense in which it is used in this statute, means not merely voluntarily, but with a bad purpose. It is a synonymous term with 'intentionally,' 'designedly,' 'without lawful excuse'; that is, not accidentally. Thomp. on Tr. 2209; *Commonwealth v. Brooks,* 9 Gray (Mass.) 303; *Commonwealth v. McLaughlin,* 105 Mass. 463; *Roberts v. U. S.,* 126 Fed. 897, 61 C. C. A. 427. In the last-named case the United States Circuit Court of Appeals, in defining the word 'wilfully,' as used in section 5341, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3628], the section under which this prosecution was had, said: 'In a penal statute the word "wilful" means more than it does in common parlance. It means with evil intent or legal malice, or without reasonable ground for believing the act to be lawful'—citing *State v. Preston,* 34 Wis. 675; *State v. Clark,* 29 N. J. Law, 96; *Savage v. Tuttar,* Brayton (Vt.) 223; *United States v. Three Railroad Cars,* 1 Abb. U. S. 196, Fed. Cas. No. 16,513; *Thomas v. State,* 14 Tex. App. 204; *Sam Lane v. State,* 16 Tex. App. 172. This court, in the case of *Thurman v. State,* 2 Okla. Cr. 718, 104 Pac. 67, defines the word 'wilfully,' citing *Harrison v. State,* 37 Ala. 154, and *Felton v. U. S.,* 96 U. S. 699, 24 L. Ed. 875, and quoting from *Felton v. United States,* as follows: 'Doing or omitting to do a thing, knowingly and wilfully, implies not only a knowledge of the thing, but a determination with a bad intent to do it or omit doing it. "The word 'wilfully.'" says Chief Justice Shaw, "in the ordinary sense in which it is used in statutes, means not merely voluntarily, but with a bad purpose." *Commonwealth v. Kneeland,* 20 Pick. (Mass.) 220. "It is frequently understood," says Bishop, "as signifying an evil intent without justifiable excuse."'"

The defendant saved an exception to the giving of the instruction at the time it was given. For this error, the case is reversed and remanded, with directions to grant the defendant a new trial.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.