## CROWLEY *v.* THE STATE OF OHIO.

*Criminal law — Former jeopardy — Acquittal of lesser offense —*
*Not bar to prosecution for greater offense, when — Assault*
*and battery charge before mayor — Indictment for assault with*
*intent to commit rape.*

1. An acquittal or conviction for a minor offense included in a
   greater will not bar a prosecution for the greater if the court
   in which the acquittal or conviction was had was without
   jurisdiction to try the accused for the greater offense.
2. Where a person has been in jeopardy on the charge of assault
   and battery upon an affidavit filed with the mayor of a city, the
   plea of such jeopardy is insufficient as a bar to a prosecution
   by indictment for assault with intent to commit rape, although
   the facts alleged in the indictment if proven to be true would
   have warranted a conviction on the charge made in the affi-
   davit.

(No. 15039 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Fairfield
county.

Plaintiff in error, Frank Crowley, at the Janu-
ary, 1915, term of the court of common pleas of
Fairfield county, was indicted for assault with in-
tent to commit rape on one N. F., on the 4th day
of November, 1914. To this indictment was filed
a plea in bar in which it was alleged in substance
that the state of Ohio had theretofore procured and
had a judgment of conviction and sentence pro-
nounced against plaintiff in error for the same act,
the same assault and the same offense mentioned
in said indictment, in this, to-wit: That on the
5th day of November, 1914, the state of Ohio
prosecuted him on the complaint by the affidavit
of the said N. F., she being the same person

charged in the indictment to have been so assaulted by him, duly made and verified by her before the mayor of the city of Lancaster, for the offense of unlawfully committing an assault and battery upon her person and unlawfully striking and wounding her, on the said 4th day of November, 1914; that upon the filing of said affidavit plaintiff in error was arrested, taken before the mayor, arraigned on the charge made against him in said affidavit, pleaded guilty, and was sentenced to imprisonment in the Zanesville workhouse for the period of one hundred and twenty days and that he pay the costs of prosecution, and that in pursuance of said judgment he was imprisoned and confined in the workhouse for the period of one hundred and thirty-one days, when he was lawfully discharged therefrom; that the offense charged and alleged against him in the indictment was the same act, the same assault and the same offense so charged against him in said complaint.

The state challenged the sufficiency of the plea in bar by a demurrer, which was sustained. The case was thereupon tried to a jury, resulting in a verdict of guilty as charged in the indictment. A motion for new trial was overruled and the plaintiff in error was sentenced to imprisonment in the Ohio penitentiary for not less than one year nor more than fifteen years. Error was prosecuted to the court of appeals and the judgment of the court of common pleas was affirmed. On leave first had, plaintiff in error filed a petition in error in this court in which he asks for a reversal of the judgment of the court

of appeals affirming the judgment of the court of common pleas and that he be discharged from further prosecution under said indictment.

*Mr. M. A. Daugherty* and *Mr. M. A. Daugherty, Jr.,* for plaintiff in error.

*Mr. James A. Tobin* and *Mr. T. T. Courtright,* for defendant in error.

NEWMAN, J. Counsel base their right to a reversal of the judgment of the court of appeals upon the sole ground that there was error in holding that the demurrer to the plea in bar was properly sustained. There is therefore but one question for our consideration: Could plaintiff in error avail himself of the constitutional guaranty in Section 10, Article I of the Constitution, providing "No person shall be twice put in jeopardy for the same offense"?

It is conceded that the offense of assault and battery, to which he entered a plea of guilty before the mayor, is an offense included in the one charged in the indictment and of which he was subsequently found guilty by the jury. Counsel in support of their contention invoke the rule announced in *Price* v. *The State,* 19 Ohio, 423, and followed and approved in *Mitchell* v. *The State,* 42 Ohio St., 383: "On a plea of *autrefois acquit,* the true test to determine whether the accused has been put in jeopardy for the same offense, is whether the facts alleged in the second indictment, if proven to be true, would have warranted a conviction on the

first indictment." This test has been applied in cases where the accused had been convicted or acquitted of an offense lesser than and included in the offense subsequently charged, but in practically every case the court in which the conviction or acquittal was had was a court having jurisdiction to try the accused on a charge for the greater offense had the same been made. We do not think this test should be applied here.

In this case, the mayor, concededly limited in his jurisdiction in criminal matters, was wholly without jurisdiction to try one charged with a felony, and consequently could not have tried plaintiff in error on the charge of assault with intent to commit rape. In *The State* v. *Rose,* 89 Ohio St., 383, this court held that the offense charged in the information was not the same offense and did not include the offense charged in the indictment, and that therefore the defense of jeopardy must fail. While the case under consideration here differs from that case, in that the offense charged in the indictment here does include the offense charged in the affidavit filed with the mayor, yet the following language from page 386 of the opinion in the *Rose case* is pertinent here: "The probate court was wholly without jurisdiction to try the charge of rape, hence the defendant could never have been in jeopardy on the charge of rape in the probate court; for to be in jeopardy there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge." So, in the instant case, before plaintiff in error could be in jeopardy on the charge of assault with intent to commit rape,

it must have been in a court with jurisdiction to try the charge.

It is claimed by counsel that there is only one exception to the rule contended for by them, and that is in those cases of assault where the injuries result in death after conviction for the assault. The case of *Diaz* v. *United States,* 223 U. S., 442, is one of that kind, where it was held that a person convicted in the Philippine Islands of assault, before the death of the injured person, was not put in second jeopardy within the meaning of Section 5 of the Philippine Act of 1902 by being placed on trial for homicide after the death of the person assaulted, as a consequence of the assault. But it is to be observed that in that case it is also laid down as a proposition of law in the syllabus that jeopardy cannot extend to an offense beyond the jurisdiction of the court in which the accused is tried, and Mr. Justice Van Devanter in the opinion, at page 449, uses this language which is in point here: "Besides, under the Philippine Law, the justice of the peace, although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction."

We subscribe to this doctrine and adopt it as the law applicable to the present case, and hold that jeopardy incident to the proceedings before the mayor did not extend to an offense beyond his jurisdiction. Plaintiff in error, therefore, when he was indicted for assault with intent to commit

· rape, could not successfully make the claim that he had been in jeopardy for that offense.

*Judgment affirmed.*

WANAMAKER, JONES and MATTHIAS, JJ., concur.