265 P.2d 359

Ex parte WILLIAMS.

WILLIAMS v. McADOO, Sheriff.

No. 5713.

Supreme Court of New Mexico.

Jan. 8, 1954.

Robert W. Ward, Lovington, C. M. Neal, Hobbs, for relator.

Richard H. Robinson, Atty. Gen., W. F. Kitts, Special Asst. Atty. Gen., Fred M. Standley, Asst. Atty. Gen., for respondent.

COMPTON, Justice.

This is an original proceeding in habeas corpus instituted on relation of Jesse Williams, seeking discharge from the custody of respondent, J. G. McAdoo, sheriff of Lea County.

An information was filed in Lea County against relator, the pertinent provisions of which read:

"Jesse Williams did wilfully, deliberately and premeditatedly kill Johnnie Lee Boyd by shooting her with a gun, contrary to Section 41–2404, New Mexico Statutes Annotated, 1941 Compilation, and that this happened in Lea County, New Mexico, on or about the 24th day of March, 1953."

A plea of not guilty was entered. A jury was impaneled and sworn to try the issues presented and evidence was given. After the state rested, relator moved the court to withdraw from the consideration of the jury the charge of murder for the reason murder was not charged. The motion was sustained, after which, relator further moved for an instructed verdict as to the charge of manslaughter because of the insufficiency of the evidence to support a verdict. This motion was overruled. At this point a recess was granted relator for the purpose of determining whether he would offer any evidence. When court reconvened, the district attorney moved for a dismissal of the information on the ground that it failed to charge an offense. The motion was sustained and the cause dismissed over the strenuous objection of rela-

tor. Subsequently, an information was filed against relator charging him with the murder of Johnnie Lee Boyd. He was remanded to the custody of the sheriff of Lea County, where he is now detained without bail. To the latter information, relator interposed a plea of former jeopardy and autrefois acquit. The plea was overruled and he is here asserting constitutional grounds for his discharge.

Since the trial court decided that the first information did not charge murder, that became the law of the case. Right or wrong, it must control our further consideration of the question presented. Marchant v. McDonald, 37 N.M. 171, 20 P.2d 276. Even if wrong, the relator cannot complain since the trial court's ruling alone affords him the jeopardy relied upon to secure his discharge. The decisive question, therefore, is whether an unlawful killing was charged. If manslaughter was charged, relator was put in jeopardy and he should be discharged; if not, the writ should be dismissed.

The object of an indictment or information is first to furnish an accused with a description of the charge against him as will enable him to make his defense and to avail himself of his conviction or acquittal against a subsequent prosecution for the same offense; and second, that the court may be informed as to the facts alleged so it may determine whether the facts are sufficient to support a conviction, if one should be had. State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1.

The charge meets the test prescribed by § 42–607, New Mexico Statutes Annotated, which reads:

"Charging the offense.—(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one (1) or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense *or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.*

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference." (Emphasis ours.)

The information itself is replete with words and terms which leaves no doubt that an unlawful killing was charged.

The word "charge" denotes a wrongful act, subjecting the person charged to criminal prosecution in the name of the state. As used in our criminal pleadings, the words "charge" and "accuse" are used interchangeably, and are synonymous. § 42–606 and § 42–607, New Mexico Statutes Annotated. The term "shooting her with a gun, *contrary to § 41–2404"*; also the words, "wilfully", "premeditately" and "deliberately" are used. The word "wilfully" means "without lawful excuse." Miller v. State, 3 Okl.Cr. 575, 107 P. 948. The words "deliberately" and "premeditately" as employed in the information, import an intentional killing without lawful excuse. Finally, reference is made to the specific statute, § 41–2404, defining the crime of murder, manslaughter being an included offense. And in determining the validity or sufficiency of an indictment or information regard shall be had to such reference. § 42–607(2), rules of criminal procedure. See Brannan v. State, 44 Tex.Cr.R. 399, 72 S.W. 184; Utterback v. State, 153 Ind. 545, 55 N.E. 420; People v. Frey, 112 Mich. 251, 70 N.W. 548.

That the trial court shared the view reached by us is apparent. We quote:

"Mr. Neal: Comes now the defendant and moves the Court to withdraw from the consideration of the jury in this case the charge of murder in the first and second degree by reason of the fact that the Information in this case is wholly insufficient to charge the crime of murder. If the Court please, I would like to discuss that motion. (Argument follows.)

"The Court: What do you say, Mr. District Attorney?

"Mr. Hanagan: If the Court please, I have to ask for a few minutes to look into that. (Argument follows.)

"The Court: I will grant the motion.

"Mr. Neal: At this time, if the Court please, the defendant moves for an instructed verdict of not guilty as to the crime of manslaughter by reason of the fact that the evidence at this stage of the case was not sufficient to sustain a conviction of manslaughter, there being no evidence whatever of killing on sufficient provocation in the heat of passion, from rage—there is not sufficient evidence in this case that the defendant killed the deceased while without malice upon a sudden quarrel or in the heat of passion in that there is no evidence in the State's case of sufficient provocation to raise in the mind of the defendant the emotion of fear, rage, aggression, exasperation or terror, and no heat of passion and no sudden quarrel. The evidence is wholly insufficient to sustain conviction of manslaughter by reason of the fact the

elements of manslaughter are not present in this evidence.

"The Court: The motion will be overruled.

"Mr. Neal: Exception. If the Court please, may I confer with counsel and my client to determine whether or not I want to put any evidence on?

"The Court: Yes, sir.

(Whereupon, Mr. Neal, Mr. Ward and the Defendant leave the Judge's chamber and later return.)

"Mr. Hanagan: Comes now Patrick F. Hanagan and moves the Court to dismiss the Information, being Cause No. 1569, entitled State of New Mexico versus Jesse Williams, on the basis that the Information is invalid.

"Mr. Neal: If the Court please, this man is in jeopardy.

"The Court: The motion to dismiss is sustained. The Information will be dismissed.

"Mr. Neal: We object, if the Court please, and request that the Court submit the case to the jury on charge of manslaughter. We think in its charging in the Information the man has been in jeopardy.

"The Court: *I don't believe he has been in jeopardy*. He insisted that the Information is invalid and the Court agreed with him. I think if it is invalid for one purpose it is probably invalid for all. *The defendant has not offered any testimony.* The Information will be dismissed.

"Mr. Neal: The defendant will be discharged?

"Mr. Hanagan: He will be re-arrested again.

"The Court: Certainly, he is discharged. Discharged under this Information.

"Mr. Hanagan: Mr. Sheriff, would you re-arrest the defendant, Jesse Williams, charged with first degree murder? It will be filed this afternoon.

(Whereupon, The jury was called into the courtroom at 2:25 P.M., court was declared in session and the following occurred:)

"The Court: Ladies and gentlemen of the jury, the defendant comes and states that—moves to dismiss the Information filed herein by the District Attorney because it was improperly drawn. *The Court has granted that motion because it felt that the Information did not properly charge the crime of murder in the first or second degree.* The Information has been dismissed and the defendant discharged. The jury is discharged until 9:00

o'clock in the morning." (Emphasis ours.)

 Assuming the court has jurisdiction, and prior proceedings are valid, jeopardy attaches when issue is joined upon an indictment or information, and the jury is impaneled and sworn to try the cause. U. S. v. Aurandt, 15 N.M. 292, 107 P. 1064, 27 L.R.A.,N.S., 1181. Therefore, relator was put in jeopardy in the original proceeding and was entitled to a verdict which would have been a bar to a new prosecution unless it should subsequently appear the verdict could not have been rendered because of some overruling necessity which compelled a mistrial, such as illness or death of the judge or juror, or the inability of the jury to agree, etc.

 The principle is well settled, an acquittel of a lesser offense bars a subsequent prosecution for a greater offense where the lesser offense is included in the greater. State v. Goodson, 54 N.M. 184, 217 P.2d 262. The order of dismissal operated as a judgment of acquittal of the crime of manslaughter as well as all higher degrees of homicide.

The writ should be made absolute and the relator discharged.

It Is So Ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.