534 P.2d 486
**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Larry MEDINA, Defendant-Appellant.**
**No. 1707.**

Court of Appeals of New Mexico.
April 2, 1975.

Noelle L'Hommedieu Schoen, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Louis Druxman, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted in the District Court of "distribution of a small amount of marijuana for no remuneration." Section 54–11–22(C), N.M.S.A.1953, (Repl.Vol. 8, pt. 2, Supp.1973). He had been previously convicted in Magistrate Court of illegal possession of marijuana of less than one ounce. Section 54–11–23, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp.1973). Both charges grew out of the same events; the two criminal prosecutions were instituted at the same time and have consecutive criminal complaint numbers. The dispositive issue is whether the distributing conviction is barred by the constitutional prohibition against double jeopardy. N.M.Const., Art. II, § 15. This issue has two questions: 1. Is possession of marijuana a lesser offense included within the offense of distributing marijuana? 2. Does the prohibition against double jeopardy bar prosecution of a greater offense after a prior conviction for a lesser offense included within the greater? Our answer is "Yes" to both questions.

1. *Possession is a lesser offense included within the greater offense of distribution.*

A comparison of the statutory penalties shows that possession of less than one ounce of marijuana is a lesser offense than distribution of a small amount of marijuana for no remuneration. See § 54–11–23, supra, Paragraph B, subsections (1) and (3). No claim is made that the possession is not a lesser offense.

For a lesser offense to be included within the greater offense, it must be "necessarily included". Section 41–23–44(d), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). For the lesser offense to be "necessarily included", the greater offense cannot be committed without also committing the lesser. Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967). In determining whether an offense is necessarily included, we look to the offense charged in the indictment. Kelly v. United States, supra; compare State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973); State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct. App.1971).

The indictment charges distribution. Distribution is defined in terms of "deliver" and "deliver" means the actual, constructive or attempted transfer from one person to another of a controlled substance. Section 54–11–2, N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1973), Paragraphs J and G. "Transfer", in turn, means making over the possession or control. State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973).

One cannot distribute marijuana without actual, constructive or attempted making over the possession or control of the marijuana. Accordingly, one cannot commit the crime of distribution without also committing the crime of possession. Possession is a lesser offense necessarily included in distribution of marijuana. Compare State v. Moreno, 69 N.M. 113, 364 P.2d 594 (1961);

Kelly v. United States, supra; Waker v. United States, 344 F.2d 795 (1st Cir. 1965).

2. *The prohibition against double jeopardy bars prosecution of a greater offense after a prior conviction for a lesser offense included within the greater.*

The prohibition against double jeopardy "is not one rule but several, each applying to a different situation; and each rule is marooned in a sea of exceptions." Comment, Twice in Jeopardy, 75 Yale L.J. 262, 263 (1965–66).

We are concerned with only one of the double jeopardy rules. It is stated in 1 Wharton's Criminal Law and Procedure (Anderson, 1957) as follows:

§ 135 at 294–95—". . . . a conviction of a lesser offense bars a subsequent prosecution for a greater offense, in all those cases where the lesser offense is included in the greater offense, and vice versa."

§ 147 at 358—"In many jurisdictions if a minor offense is embraced within a higher crime as a constituent element or component part, and on the trial of the higher offense there could be a conviction of the minor offense, a conviction of the minor offense will bar a prosecution for the higher crime."

◼ New Mexico follows this rule. In Ex parte Williams, 58 N.M. 37, 265 P.2d 359 (1954) it is stated:

"The principle is well settled, an acquittel [sic] of a lesser offense bars a subsequent prosecution for a greater offense where the lesser offense is included in the greater. State v. Goodson, 54 N.M. 184, 217 P.2d 262 [1950]."

Although stated in various ways, the following cases apply the rule and show that the principle is indeed well settled:

State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965);

State v. Boening, 63 N.J.Super. 588, 165 A.2d 203 (1960);

Lanier v. State, 226 So.2d 37 (Fla.App. 1969);

State v. McLaughlin, 121 Kan. 693, 249 P. 612 (1926);

Burnett v. Commonwealth, 284 S.W.2d 654 (Ky.1955);

State v. Schneller, 199 La. 811, 7 So.2d 66 (1942);

Veney v. State, 227 Md. 608, 177 A.2d 883 (1962).;

Commonwealth v. Mahoney, 331 Mass. 510, 120 N.E.2d 645 (1954);

State v. Kaufman, 172 Minn. 139, 214 N.W. 785 (1927);

State v. Clark, 220 Mo.App. 1308, 289 S.W. 963 (1927);

State v. Birckhead, 256 N.C. 494, 124 S.E.2d 838, 6 A.L.R.3d 888 (1962);

Johnson v. State, 17 Okl.Cr. 558, 190 P. 897 (1920);

State v. Elliott, 6 Or.App. 436, 488 P.2d 1189 (1971);

Commonwealth v. Moon, 151 Pa.Super. 555, 30 A.2d 704 (1943).

◼ The possession of marijuana was a lesser offense necessarily included in the greater offense of distribution of marijuana. Having been convicted of the lesser offense, the principles of double jeopardy barred the subsequent prosecution of the greater offense.

The judgment and sentence for distribution of marijuana in violation of § 54–11–22(C), supra, are reversed. The cause is remanded with instructions to discharge the defendant.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.