536 P.2d 269

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Ricky TANTON, Defendant-Appellant.**

**No. 1658.**

Court of Appeals of New Mexico.

May 7, 1975.

Certiorari Granted June 2, 1975.

**6**

Leo C. Kelly, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Ralph W. Muxlow, II, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

This appeal is concerned with the provision of N.M.Const., Art. II, § 15 which provides that no person shall "be twice put in jeopardy for the same offense * * *." The issue presented is whether a muncipal court conviction may bar a subsequent district court prosecution. On the issue presented we hold that the principles of double jeopardy apply.

Betsy Guzman was struck and killed by an automobile in Grants, New Mexico. Defendant was arrested and charged with the violation of several municipal ordinances. While the record is not clear, the stipulation of counsel and the transcript of the municipal court hearing indicate the municipal charges were filed on February 25, 1974. On February 26, 1974 a criminal complaint was filed in magistrate court charging defendant with homicide by vehicle. Section 64–22–1, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). It does not appear that further action was taken pursuant to the criminal complaint. On March 7, 1974 a grand jury indictment was filed, also charging defendant with homicide by vehicle.

A hearing on the municipal charges was held on March 27, 1974. Defendant was found guilty of: (1) driving while under the influence of intoxicating liquors, (2) leaving the scene of an accident with injuries or death, and (3) failure to report an accident.

On the basis of the municipal court convictions, defendant moved that the indictment be dismissed, claiming the district court prosecution was barred by the constitutional prohibition against double jeopardy. The district court denied the motion after making findings which are not challenged. We granted an interlocutory appeal, § 21–10–2.1(A)(3), N.M.S.A.1953 (Repl.Vol. 4, Supp.1973), to consider whether the prohibition against double jeopardy applies to the issue presented.

The trial court found that the municipal court was a lawfully established court and concluded that the municipal court had jurisdiction to convict and sentence defendant on the three charges of which defendant was found guilty. The conclusion as to

the municipal court's jurisdiction is not attacked.

The trial court also found that defendant had appealed his municipal court convictions to the District Court of Valencia County and that the appeal was pending before that court. The parties did not request and the district court made no finding concerning the effect, if any, of this appeal on the double jeopardy issue. The district court necessarily decided the double jeopardy issue on the basis that the municipal court convictions were valid. Both parties proceed in this appeal on the basis that the municipal court convictions are valid. We decide the issue presented on the same basis. We express no opinion on the applicability of the double jeopardy prohibition to a district court prosecution when a prior municipal court conviction has been reversed on appeal.

The trial court found:

"7. The evidence presented * * * establishes that the traffic violations of which TANTON was found guilty and sentenced and the charge of vehicular homicide in the District Court * * * are based on the same transaction or occurrence.

"8. The charge of vehicular homicide in the District Court * * * is based on the same acts of TANTON as were involved the traffic violations of which he was found guilty and sentenced in the Municipal Court * * *.

"9. The charge of vehicular homicide in the District Court * * * is based on events which occurred at the same time and in the same location as those on which TANTON was convicted in the Municipal Court * * *."

On the basis of these findings, the trial court concluded that prosecution of defendant on the vehicular homicide charge would not subject defendant to double jeopardy because: (1) the municipal court and district court "crimes have different elements that must be proved" and (2) driving while under the influence of intoxicating liquor "as pertains to this case" was not a lesser offense included within the vehicular homicide charge. We agree with these conclusions in this case. These conclusions, however, do not dispose of the double jeopardy issue.

Defendant asserts that a conclusion of double jeopardy was required by the trial court's unchallenged finding that the municipal and district court charges involve the "same transaction".

The constitutional prohibition is against putting a person twice in jeopardy for the "same offense". The difficulty is in determining what is the same offense. Compare the concurring opinion of Justice Brennan with the dissenting opinion of Chief Justice Burger in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Various approaches have been used in determining whether the same offense is involved in a particular case. The result is that the prohibition against double jeopardy is not one rule, but several, each applying to a different situaton. State v. Medina (Ct.App.) 87 N.M. 394, 534 P.2d 486, decided April 2, 1975.

We discuss several of the rules which have been applied in New Mexico.

(a) Collateral estoppel. This test looks to all the relevant matters and determines whether or not the jury, in reaching its verdict in the first trial, necessarily or actually determined the same issues which the State attempts to raise in the second trial. State v. Tijerina, 86 N.M. 31, 519 P. 2d 127 (1973), cert. denied 417 U.S. 956, 94 S.Ct. 3085, 41 L.Ed.2d 674 (1974); State v. Nagel (Ct.App.) 87 N.M. 434, 535 P.2d 641, decided March 5, 1975. Collateral estoppel is not applicable because it bars litigation in a second trial of issues necessarily or actually determined in a first trial. That is not the situation in this case.

(b) Same evidence. The test is whether the facts offered in support of one offense would sustain a conviction of a second offense. If either charge requires the proof of facts to support a conviction which the other does not, the offenses are not the

same. Owens v. Abram, 58 N.M. 682, 274 P.2d 630 (1954), cert. denied 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955). Additional citations to the same evidence rule appear in the opinions in State v. Maestas, 87 N.M. 6, 528 P.2d 650 (Ct.App.1974). Justice Brennan's concurring opinion in Ashe v. Swenson, supra, characterizes this test as obviously deficient. "It does not enforce but virtually annuls the constitutional guarantee. * * * Even a single criminal act may lead to multiple prosecutions if it is viewed from the perspectives of different statutes. * * *" 397 U.S. at 451, 90 S.Ct. at 1198. The trial court correctly ruled that the same evidence test would not bar the prosecution because the vehicular homicide charge would require proof of facts which were not required for the municipal court conviction.

■ (c) Lesser included offense. Conviction or acquittal of a lesser offense necessarily included in a greater offense bars prosecution for the greater offense. Ex parte Williams, 58 N.M. 37, 265 P.2d 359 (1954); State v. Medina, supra. The trial court correctly held this test could not be applied. This test could not apply at this stage of the proceedings because the vehicular homicide is charged in the alternative. The indictment charges the homicide occurred "while violating section 64–22–2 or 64–22–3 * * *." Section 64–22–2, N.M. S.A.1953 (2d Repl.Vol. 9, pt. 2) pertains to driving while under the influence of intoxicating liquor and while under the influence of any narcotic drug. See State v. Raley, 86 N.M. 190, 521 P.2d 1031 (Ct.App. 1974). Section 64–22–3, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2) pertains to reckless driving. The municipal court conviction for driving while under the influence of intoxicating liquor could be a lesser offense included within the vehicular homicide charge, but because the State has charged the homicide in three alternatives it is not necessarily included. See State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (Ct.App. 1973).

■ (d) Merger of offenses. "The test of whether one criminal offense has merged in another is not * * * whether the two criminal acts are successive steps in the same transaction but whether one offense necessarily involves the other." State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967); State v. Dosier (Ct.App.) 88 N.M. 32, 536 P.2d 1088, decided March 26, 1975. The merger test is not applicable because it is used in cases where multiple charges are brought in a single trial. The merger test is used to determine when the prohibition against double punishment is to be applied.

(e) Same transaction. Although this test was rejected in State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950), it was applied in State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961). It is "* * * if the several offenses are the same, as where they arise out of the same transaction, and were committed at the same time, and were part of a continuous criminal act, and inspired by the same criminal intent, which is an essential element of each offense, they are susceptible of only one punishment." 69 N.M. at 57, 364 P.2d at 124. Decisions applying this test are cited in State v. Maestas, supra. Justice Brennan urges a form of this approach in his concurring opinion in Ashe v. Swenson, supra.

The principal shortcoming of the "same transaction" test is that any sequence of conduct can be defined as an "act" or "transaction". This test would make the defense of double jeopardy depend on how "act" was defined. Dissenting opinion in State v. Maestas, supra. The utility of "transaction" "depends upon the way we define it." Comment, Twice in Jeopardy, 75 Yale L.J. 262, 277 (1965–66). Thus, State v. Boyd, 527 P.2d 128 (Or.App.1974) held that possession of a stolen television set and illegal possession of amphetamines at the same time and place constituted the same act or transaction. State v. Matischeck, 531 P.2d 737 (Or.App.1975) holds that driving under the influence of intoxi-

cating liquor and possession of drugs at the same time and place constituted a single act or transaction. We fail to understand how drunk driving and possession of drugs can be held to be the same act. We agree with the dissent in *Boyd*, supra, that the result reached is "inappropriate to the ends of justice * * *."

Because of the difficulties in defining "act" or "transaction" we do not apply the "same transaction" test in this case.

We make no attempt to position the above rules within a structure for deciding questions of double jeopardy. We have not attempted to list all the various rules utilized in deciding a double jeopardy issue. As an example, the prohibition against splitting one offense into many parts for the purpose of multiple prosecutions, State v. Romero, 33 N.M. 314, 267 P. 66 (1928). For a general discussion of the problems involved in defining and applying the concept of double jeopardy see Sigler, *Double Jeopardy*, Cornell University Press (1969). What we have attempted to demonstrate is that the concept of double jeopardy has many aspects.

Because of the various aspects of double jeopardy and because of the difficulty in defining "same offense", new approaches have been urged. One such approach urges adoption of the same transaction test as "the" test in multiple prosecution cases. Another approach urged is the single criminal episode test. See Commonwealth v. Campana, 452 Pa. 233, 304 A.2d 432 (1973), vacated and remanded 414 U.S. 808, 94 S. Ct. 73, 38 L.Ed.2d 44 (1973), on remand 455 Pa. 622, 314 A.2d 854 (1974), cert. denied 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). We do not see how this test would be an improvement on the "same transaction" test; the definitional difficulties remain. There is the view that there should be constitutionally compelled joinder of related offenses. See Comment, Twice in Jeopardy, supra, at 292. This approach has arguable merit as a procedural rule. See A.B.A. Standards, Joinder and Severance, § 1.3 (Approved Draft 1968); 10 U.L.A.,

Uniform Rules of Criminal Procedure, Rule 471 (1974). Our rules of criminal procedure do not take the compulsory joinder approach. Sections 41–23–10 and 41–23–11, N.M.S.A.1953 (2d Repl.Vol. 6, Supp. 1973). A more basic objection is that procedural rules of joinder are not a part of the Constitution.

Because of its various aspects and its definitional difficulties, we look to the policies behind the prohibition against double jeopardy. Comment, Twice in Jeopardy, supra, 266–267 states:

"Several policies underlie the double jeopardy prohibition. First, guilt should be established by proving the elements of a crime to the satisfaction of a single jury, not by capitalizing on the increased probability of conviction resulting from repeated prosecutions before many juries. Thus reprosecution for the same offense after an acquittal is prohibited. Second, the prosecutor should not be able to search for an agreeable sentence by bringing successive prosecutions for the same offense before different judges. Thus reprosecution after a conviction is prohibited. Third, criminal trials should not become an instrument for unnecessarily badgering individuals. Thus the Constitution forbids a second trial—a second jeopardy—and not merely a conviction at the second trial. Finally, judges should not impose multiple punishment for a single legislatively defined offense. Thus multiple punishment for the same offense at a single trial is prohibited."

Here we are concerned with the second of the policies in the above quotation—that of multiple prosecutions. Concerning this policy, State v. Tijerina, supra, states:

"It should not be inferred from this opinion that this Court intends to encourage or approve piecemeal prosecution. Such disorderly criminal procedures involve a myriad of problems which threaten the existence of our judicial system. The risk of prejudice to the accused, and the waste of time inherent in multiple trials, both perpetuate delays in the

judicial process and unconscionable expenditures of public funds, all of which could be avoided by prosecutors getting their facts straight, their theories clearly in mind and trying all charges together."

Commonwealth v. Campana, supra, states the principal purpose of the double jeopardy clause is to prevent multiple prosecutions. Sigler, Double Jeopardy, supra, at 155–156 states: "Double jeopardy is an important limitation upon the discretion of the prosecutor because it determines the number of times that a criminal action can be instituted * * *. The critical question of double jeopardy concerns the number of times that the defendant may be brought to trial." The question of multiple prosecutions is critical because:

"In more recent times, with the advent of specificity in draftsmanship and the extraordinary proliferation of overlapping and related statutory offenses, it became possible for prosecutors to spin out a startlingly numerous series of offenses from a single alleged criminal transaction. * * * As the number of statutory offenses multiplied, the potential for unfair and abusive reprosecutions became far more pronounced."

Ashe v. Swenson, supra, footnote 10.

The policy against multiple prosecutions, in this case, is not sought to be applied in a situation where there are multiple victims. See dissenting opinion of Chief Justice Burger in Ashe v. Swenson, supra. The policy is sought to be applied to events which occurred at the same time and place, which involve only one victim at that time and place; and events which have already provided the basis for three convictions. We hold the policy against multiple prosecutions may prohibit the prosecutor from seeking a fourth conviction.

If the municipal court convictions are affirmed on appeal, the district court prosecution is barred. We cannot decide whether double jeopardy bars the district court prosecution if the municipal court convictions are reversed, because application of

the double jeopardy prohibition might depend on the basis for the reversal. Depending on the outcome of the appeal, we hold that the prior municipal court conviction may bar the district court prosecution for vehicular homicide.

We recognize a practical consequence of our decision is to require cooperation between public prosecutors. Such cooperation is required because a municipality, in prosecuting for violation of its ordinances, may by the fact of that prosecution enable a defendant to escape the consequences of an act amounting to a felony. The need for cooperation is demonstrated in this case where a district court felony charge was pending prior to the municipal court convictions.

The conclusion of the trial court that the vehicular homicide charge is not barred by the double jeopardy prohibition is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.