540 P.2d 813

**STATE of New Mexico, Petitioner,**

v.

*Ricky L. TANTON, Respondent.*

No. 10489.

Supreme Court of New Mexico.

Sept. 30, 1975.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Ralph W. Muxlow II, Asst. Attys. Gen., David R. Sierra, New Mexico Dist. Attys. Coordinator, Santa Fe, for petitioner.

Leo C. Kelly, Albuquerque, for respondent.

## OPINION

STEPHENSON, Justice.

Charged by indictment with homicide by vehicle, Tanton moved for dismissal claiming double jeopardy after conviction of municipal traffic charges. The trial court denied the motion. Upon an interlocutory appeal, the Court of Appeals reversed and remanded for further proceedings. *State v. Tanton,* 88 N.M. 5, 536 P.2d 269 (Ct. App.1975). We granted certiorari and reverse the Court of Appeals.

Betsy Denise Guzman, a small child, was struck and killed by an automobile in Grants, New Mexico on February 25, 1974. Tanton was arrested on the same day and was charged with violations of municipal traffic ordinances. The following day, February 26, a criminal complaint charging Tanton with homicide by vehicle was filed in magistrate court, but no further action was taken upon it.

On March 7, 1974, Tanton was charged by indictment with homicide by vehicle [1] while violating § 64–22–2 N.M.S.A.1953 [2] or § 64–22–3 N.M.S.A.1953.[3] On March 27, 1974, Tanton was found guilty of violation of some of the municipal ordinances with which he had been charged.[4] An appeal was taken and is still pending.

Thereafter Tanton moved in district court to dismiss the indictment for homicide by vehicle, alleging the prosecution violated constitutional prohibitions against double jeopardy. The district court denied the motion. The Court of Appeals granted an interlocutory appeal [5] and held that the double jeopardy prohibition applied to the district court prosecution. We then granted certiorari.

The New Mexico Constitution provides in article II, § 15 that no person shall "be twice put in jeopardy for the same offense * * *." The fifth amendment to the United States Constitution also prohibits double jeopardy and is enforceable against the States through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The question in this case is whether the State would violate these guarantees by prosecuting the defendant for homicide by vehicle after a conviction in municipal court of driving while intoxicated. Resolution of the stated issue requires a determination of the constitutional meaning of the words "same offense."

We assume for purposes of this opinion that the municipal court convictions are valid. We also assume the correctness of the trial court's findings that the municipal traffic and the vehicular homicide charges were based on the same occurrence.

Before examining the definition of "same offense" in the double jeopardy clauses, one must first consider the constitutional doctrines of collateral estoppel and necessarily included offenses. The principle of collateral estoppel "bars relitigation between the same parties of issues actually

---

1. Section 64–22–1 N.M.S.A.1953 provides: "A. Homicide by vehicle is the killing of a human being in the unlawful operation of a motor vehicle. B. Any person who commits homicide by vehicle while violating Section 64–22–2 or 64–22–3 NMSA 1953 is guilty of a felony."

2. This section prohibits control of a vehicle under the influence of liquor, narcotics or other drugs or by habitual users of narcotic drugs.

3. This section in pertinent part defines reckless driving.

4. Driving while under the influence of intoxicating liquors, failing to report an accident and leaving the scene of an accident with injuries or death.

5. Section 21–10–2.1(A)(3) N.M.S.A. (Supp. 1973).

determined at a previous trial * * * ." *Ashe v. Swenson,* 397 U.S. 436, 442, 90 S. Ct. 1189, 1193, 25 L.Ed.2d 469 (1970); *State v. Tijerina,* 86 N.M. 31, 519 P.2d 127 (1973), cert. denied, 417 U.S. 956, 94 S.Ct. 3085, 41 L.Ed.2d 674 (1974); *State v. Nagel,* 87 N.M. 434, 535 P.2d 641 (Ct.App. 1975), cert. denied, 87 N.M. 450, 535 P.2d 657 (1975).

In a criminal trial context collateral estoppel is a constitutional defense raised by the defendant in a second trial after an acquittal in the first trial on the same issue. In this case the principle is not applicable. The defendant was convicted in municipal court. He has no acquittal to raise in his defense here. Application of the principle of collateral estoppel is therefore inappropriate.

A second consideration in the double jeopardy area is the concept of lesser included offenses. A conviction or acquittal of a lesser offense necessarily included in a greater offense bars a subsequent prosecution for the greater offense. *Ex parte Williams,* 58 N.M. 37, 265 P.2d 359 (1954); *State v. Medina,* 87 N.M. 394, 534 P.2d 486 (Ct.App.1975). We agree with the trial court and the Court of Appeals that this principle is not applicable in this case because the indictment charges in the alternative. The lesser offense of driving while under the influence of intoxicating liquor is not necessarily included in the greater offense of homicide by vehicle. *State v. Trujillo,* 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973).

If the principles of collateral estoppel and necessarily included offenses do not apply, then the definition of "same offense" in the double jeopardy clause must be examined. The generally accepted rule and the one which we approve and apply today is the "same evidence" test which was first stated in New Mexico as "whether the facts offered in support of one [offense], would sustain a conviction of the other." *Owens v. Abram,* 58 N.M. 682, 274 P.2d 630 (1954), cert. denied, 348 U.S.

917, 75 S.Ct. 300, 99 L.Ed. 719 (1955). This rule was followed in *Woods v. State,* 84 N.M. 248, 501 P.2d 692 (Ct.App.1972). But cf. *State v. Goodson,* 54 N.M. 184, 217 P.2d 262 (1950); *State v. Mares,* 79 N.M. 327, 442 P.2d 817 (Ct.App.1968).

The same evidence test has not been abandoned contrary to what was stated in *State v. Maestas,* 87 N.M. 6, 528 P.2d 650 (Ct.App.1974), cert. denied, 87 N.M. 5, 528 P.2d 649 (1974). It should have been used in that case. There the defendant was charged with possession of heroin after a conviction of possession of marijuana. The Court of Appeals held that collateral estoppel prevented the second prosecution. But collateral estoppel is only constitutionally required when there has been a previous acquittal on issues raised in the second prosecution. There had been no acquittal of the marijuana charge which the defendant could raise to prevent a subsequent prosecution. Also the marijuana charge was not necessarily included in the heroin offense. The proper test in *Maestas* was the same evidence rule. *State v. Maestas* is overruled.

In this case the facts offered in municipal court to support a conviction for driving while under the influence of intoxicating liquors would not necessarily sustain a conviction for homicide by vehicle in district court. Therefore, under the same evidence test there was no double jeopardy when the State sought to prosecute the defendant for homicide by vehicle.

We come then finally to the "same transaction" test upon which Tanton principally relies. It is concerned with whether the offenses were committed at the same time, were part of a continuous criminal act and inspired by the same criminal intent. It was eloquently espoused by Justice Brennan in his concurring opinion in *Ashe v. Swenson, supra.* No decision of the United States Supreme Court has construed the fifth amendment to the United States Constitution to impose the same transaction test on the States in double

jeopardy cases. We hold its use is not mandated by article II, § 15 of the New Mexico Constitution. We reject and disapprove the same transaction test. In theory, it has little or nothing to recommend it over the same evidence test, and in practice it is so vague and obscure as to be far more difficult to apply. See Judge Wood's opinion in this case and his dissent in *State v. Maestas, supra.*

In New Mexico, the same transaction test has been stated and supposedly applied in several cases. However, with one exception, the prior convictions raised as a bar to a subsequent prosecution were lesser and necessarily included, which bars double prosecution anyway. *State v. Quintana,* 69 N.M. 51, 364 P.2d 120 (1961) (grand larceny and armed robbery); *State v. Blackwell,* 76 N.M. 445, 415 P.2d 563 (1966) (assault with intent to commit rape and rape); *State v. Everitt,* 80 N.M. 41, 450 P.2d 927 (Ct.App.1969) (possession of burglary tools not necessarily included in burglary). That one exception is *State v. Anaya,* 83 N.M. 672, 495 P.2d 1388 (Ct. App.1972), where the offenses were theft from an automobile and municipal court charges of battery, resisting arrest, and criminal damages. Using the same transaction test the Court of Appeals held that these crimes did not arise out of the same criminal act. We overrule *State v. Anaya* insofar as it applied that test. See *State v. Maestas* (dissenting opinion), *supra.* The same evidence test would have reached the same result and should have been used.

We hold that the prosecution of Tanton in district court for homicide by vehicle is not barred by the double jeopardy prohibition under the same evidence test.

■ It is somewhat difficult to determine with precision the rule intended to be applied by the Court of Appeals in this case. It appears that the court may have been relying upon statements made by us in *State v. Tijerina, supra,* in which we deprecated "piecemeal prosecutions." We said:

> It should not be inferred from this opinion that this Court intends to encourage or approve piecemeal prosecution. Such disorderly criminal procedures involve a myriad of problems which threaten the existence of our judicial system. The risk of prejudice to the accused, and the waste of time inherent in multiple trials, both perpetuate delays in the judicial process and unconscionable expenditures of public funds, all of which could be avoided by prosecutors getting their facts straight, their theories clearly in mind and trying all charges together.

86 N.M. at 36, 519 P.2d at 132.

The double jeopardy clause only comes to the aid of defendants subjected to multiple prosecutions for the identical offense,[6] or in such situations in which collateral estoppel, the concept of lesser included offenses or the same evidence test apply. By "piecemeal prosecutions" in *Tijerina* we referred to multiple prosecutions to which the double jeopardy clause did not apply. Thus, we intended a statement of judicial policy rather than a rule of law. We adhere to the stated policy.

The situation presented here could easily have been avoided by a modicum of cooperation between the respective prosecutors. Moreover, proceedings pending in an inferior court ought to be abated when charges are instituted in district court in relation to the same episode. A defendant in such a situation would have a right to move the inferior court for an abatement to abide the event in district court. Should a defendant in such a case, for whatever reason, fail to so move, he might well have thereby waived any right to complain of piecemeal prosecution. Such procedures would promote judicial economy. The overriding state interest is the efficient prosecution of all crimes and especially felonies.

6. See *State v. Sedillo,* 88 N.M. 240, 539 P.2d 630 (Ct.App.1975).

In *State v. Goodson, supra,* the defendant pled guilty to charges of assault and battery in justice of the peace court and then sought to bar a prosecution for rape arising out of the same criminal acts. The court allowed the second prosecution. Although we disagree with the double jeopardy test employed in *Goodson,* which appears to be one of identical offenses in law and fact, we support its evaluation of the practical consequences of the double jeopardy claim raised there.

> Reason and logic do not support a rule whereby one guilty of the crime of rape may escape a possible sentence of 99 years in the penitentiary by the expedient of pleading guilty to a charge of assault and battery in a justice court where the penalty may be as low as a fine of $5.00.

54 N.M. at 188, 217 P.2d at 265.

It is gratifying that such an eminently sensible result may still be achieved in the present state of the law.

The Court of Appeals is reversed. The district court is affirmed. The case is remanded to the district court with instructions to proceed with the felony prosecution of homicide by vehicle.

It is so ordered.

McMANUS, C. J., and OMAN and MONTOYA, J., concur.

SOSA, Justice (specially concurring).

I concur generally with the result of the majority opinion. However, as the issue was presented but not resolved by the majority, I would like to clarify my position with respect to the effect of a conviction of a lesser offense necessarily included in a greater offense. The Court of Appeals in *State v. Medina,* 87 N.M. 394, 534 P.2d 486 (1975), held that conviction barred the greater offense, citing *Ex Parte Williams,* 58 N.M. 37, 265 P.2d 359 (1954) and *State v. Goodson,* 54 N.M. 184, 217 P.2d 262 (1950). *Williams supra* was not on point and Goodson supra gave varied reasons for its holding. I would hold that conviction bars prosecution of a greater offense, subject to one exception: If the court does not have jurisdiction to try the crime, double jeopardy cannot attach. Double jeopardy requires that a court have sufficient jurisdiction to try the charge. Goodson at 187, 217 P.2d 262, quoting *State v. Rose,* 89 Ohio St. 383, 106 N.E. 50, 51 (1914); *Crowley v. State,* 94 Ohio St. 88, 113 N.E. 658 (1916).

In the instant case defendant was convicted of driving while intoxicated (DWI) in magistrate court. In district court he was charged in the alternative with vehicular homicide while recklessly driving and vehicular homicide while DWI. A narrow interpretation of the majorities' opinion would preclude the prosecution of defendant for vehicular homicide while DWI since DWI is a necessarily included offense of vehicular homicide while DWI, but it would not preclude the prosecution of the other charge vehicular homicide while driving recklessly. However, since the magistrate court had no jurisdiction to try the charge of vehicular homicide while DWI or recklessly driving (N.M.Const. art. VI, § 13 and § 26; § 36-3-4 N.M.S.A. 1953 (Supp.1973)), double jeopardy should not bar the vehicular homicide by DWI charge. This policy would decrease most problems arising from lack of communication among city attorneys, assistant district attorneys, and the district attorney and will preclude defendants from trying to take advantage of the divided nature of the judicial and prosecutorial branches.