600 P.2d 292

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Joseph D. MONTOYA,
Defendant-Appellee.**

No. 3681.

Court of Appeals of New Mexico.

Jan. 2, 1979.

Toney Anaya, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

James M. Scarborough, Espanola, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

This appeal, from the trial court's dismissal of the indictment, presents issues concerning: (1) double jeopardy, and (2) jurisdiction of the trial court.

A delinquency petition was filed in the Children's Court alleging: (a) D.W.I. (driving while under the influence of intoxicating liquor or drugs), (b) reckless driving, (c) involuntary manslaughter, and (d) homicide by vehicle. During the trial on these charges before a Children's Court jury, defendant's motion for a mistrial was granted. Thereafter, the Children's Court dismissed allegations (a), (b) and (d) with prejudice. The State filed a nolle prosequi as to allegation (c).

Subsequently, defendant was indicted. The indictment charged three of the allegations in the Children's Court petition— items (a), (b) and (d). The indictment did not charge item (c)—involuntary manslaughter.

Defendant's motion to dismiss the indictment was granted. The trial court found that the four allegations in the Children's Court petition and the three charges in the indictment "all related to one and the same matter, a collision between an automobile and a motor cycle". The trial court concluded:

B. The Defendant, Jospeh [sic] D. Montoya was in jeopardy in the Children's Court at least as to the charge of Involuntary Manslaughter contained in the Petition filed in Children's Court Cause J–77–167.

C. It would constitute double jeopardy for him to be required to stand trial on the three charges contained in the Indictment filed herein.

D. The District Court does not have jurisdiction over the Defendant for the purpose of trying him on the Indictment filed herein, there having been no transfer ordered by the Children's Court although evidence had been heard in Children's Court and the charges contained in the Indictment being "based upon the conduct alleged in the Petition" filed therein.

*Double Jeopardy*

Defendant was over fifteen years of age at the time he allegedly committed the various offenses. Defendant recognizes that the Children's Court lacked jurisdiction over the D.W.I., reckless driving, and vehicular homicide offenses. Sections 32–1–3(N) and 32–1–48, N.M.S.A.1978; *Doe v. State*, 88 N.M. 627, 545 P.2d 93 (Ct.App.1976). Because the Children's Court lacked subject matter jurisdiction, defendant does not claim that the D.W.I., reckless driving, and vehicular homicide charges in the indictment were barred by Children's Court proceedings involving those charges. *State v. Mabrey*, 88 N.M. 227, 539 P.2d 617 (Ct.App. 1975); see *State v. Peavler*, 88 N.M. 125, 537 P.2d 1387 (1975).

▮ Defendant's contention is that the prosecution of the three charges in the indictment was barred, under double jeopardy concepts, because of the Children's Court proceedings involving the involuntary manslaughter allegation.

First, defendant asserts double jeopardy applies because the Children's Court improperly granted a mistrial. It is unnecessary to answer this contention; however, we note that the mistrial was granted on defendant's motion. See *State v. Castrillo*, 90 N.M. 608, 566 P.2d 1146 (1977).

Second, defendant contends that *State v. Tanton*, 88 N.M. 5, 536 P.2d 269 (Ct.App. 1975) bars prosecution of the indictment. That Court of Appeals opinion was reversed by the Supreme Court. See *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). The "same evidence" test for double jeopardy, stated in *State v. Tanton*, 88 N.M. 333, 540 P.2d 813, supra, is whether the facts offered in support of one offense would sustain a conviction of the other offense. As explained in *Owens v. Abram*, 58 N.M. 682, 274 P.2d 630 (1954), cert. denied, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955): "If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing." See *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977).

The indictment charged D.W.I. and reckless driving. Obviously, the trial court's double jeopardy ruling was incorrect as to these charges because neither involves a death, while involuntary manslaughter does involve a death.

The indictment charged vehicular homicide either by driving while under the influence of intoxicating liquor or by reckless driving. Involuntary manslaughter does not require proof of either of these alternatives; the vehicular homicide charge does require proof of at least one of the alternatives. The same evidence test was not met and double jeopardy did not bar prosecution of the charges in the indictment.

There is another reason why the trial court's double jeopardy ruling was erroneous. Since enactment of Laws 1969, ch. 138, § 1, New Mexico has had a specific statute concerning homicide by vehicle. This statute is compiled as § 66–8–101, N.M.S.A.1978. The statute applies when the vehicular killing is while driving under the influence of intoxicating liquor, while driving under the influence of drugs, or while driving recklessly. See *State v. Trujillo*, 85 N.M. 208, 510 P.2d 1079 (Ct.App. 1973). As stated in the commentary to U.J.I. Crim. 2.60:

The statute for homicide by vehicle controls over the general, involuntary manslaughter statute and must be used. See *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936); *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966).

Neither the trial court's findings nor the partial transcripts on appeal inform us whether the specific vehicular homicide

statute was applicable to the facts of this case. The trial court went no further than to find that the allegations in the Children's Court petition and the charges in the indictment "all related to one and the same matter," an automobile-motorcycle collision. Defendant's answer brief resolved our question as to whether the facts showed that the specific vehicular homicide was applicable. The answer brief states:

Although Count III of the Petition in Children's Court charges Involuntary Manslaughter in statutory language . . it is clear, at least to defendant, that the manslaughter charged was the homocide [sic] of Billy D. Lucero by Joseph D. Montoya while operating a vehicle in a reckless manner and while under the influence of intoxicating liquor.

With this concession that the vehicular homicide statute was applicable, the involuntary manslaughter allegation was an allegation under the inapplicable statute. A court lacks jurisdiction, because of lack of authority, to proceed under an inapplicable statute. *State v. Madrid*, 82 N.M. 525, 484 P.2d 367 (Ct.App.1971); *State v. McNeece*, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971). Since jurisdiction was lacking over the involuntary manslaughter alleged in the Children's Court proceeding, that allegation provided no basis for a double jeopardy claim. *State v. Mabrey*, supra.

*Jurisdiction of the Trial Court*

Section 32–1–27(I), N.M.S.A.1978 states:

I. Criminal proceedings, actions and other proceedings based upon an offense alleged in a petition under the Children's Code, or an offense based upon the conduct alleged in the petition, are barred if the court has begun taking evidence in the proceedings or has accepted a child's admission of the allegations of a petition in the proceeding, except that nothing in this subsection bars criminal proceedings in a tribunal upon proper transfer to that tribunal under the Children's Code.

Defendant points out that the indictment charges were based on conduct alleged in the Children's Court petition, and the Chil-

dren's Court had taken evidence in connection with that conduct prior to the time the mistrial was granted. Since no transfer order was entered, see § 32–1–29, N.M.S.A. 1978, he claims that § 32–1–27(I), supra, bars proceedings under the indictment. He claims that the statute is mandatory.

Section 32–1–27(I), supra, is not to be construed to bar criminal proceedings because of evidence taken in Children's Court proceedings, when the Children's Court lacked jurisdiction over the allegations being heard in the Children's Court. See *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977).

The order dismissing the indictment is reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.